493 S.E.2d 883

Amy HALVERSON, Appellant,

v.

Bobby YAWN, individually and d/b/a/ Bobby's Amoco, Respondent.

No. 2745.

Court of Appeals of South Carolina.

Submitted Oct. 8, 1997.

Decided Nov. 3, 1997.

Rehearing Denied Dec. 17, 1997.

Daniel F. Norfleet, Summerville, for appellant.

Thomas H. Hesse and Sean K. Trundy, Charleston, for respondent.

HEARN, Judge:

Amy Halverson appeals the trial judge's order dismissing her complaint without prejudice for failure to respond to the defendant's discovery requests. We affirm.[1]

### Facts

Halverson filed suit against Bobby Yawn individually and d/b/a Bobby's Amoco on July 14, 1995. Apparently, Halverson filed suit on the last day of the statutory period for filing her action.[2] Yawn filed an answer and discovery requests on August 11, 1995. On December 12, 1995, Yawn filed a motion to compel Halverson to respond to his discovery requests. A hearing on the motion was held on January 21, 1996. Halverson's counsel did not appear at the motion hearing. On February 1, 1996, the trial judge ordered Halverson to respond to Yawn's discovery requests within thirty days. The order specifically states, "It is further ordered that if Plaintiff does not answer Defendant's Interrogatories and respond to Defendant's Request for Production of Documents within thirty (30) days of the service of this Order upon her, the Plaintiff's Complaint shall be dismissed." On March 15, 1996, the trial judge ordered Halverson's complaint dismissed without prejudice for failure to comply with the February 1 order.

### Discussion

Halverson argues the trial judge abused his discretion by dismissing her case without prejudice. We disagree.

Under Rule 37, SCRCP, a trial judge may impose sanctions for a party's failure to comply with the court's motion compelling discovery, including dismissal of the action. Rule 37(b)(2)(C), SCRCP. The imposition of sanctions is generally entrusted to the sound discretion of the trial judge. *Karppi v. Greenville Terrazzo Co.*, 327 S.C. 538, 541–44, 489

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. Because Halverson's Complaint was not included in the record on appeal, we do not know the basis of Halverson's suit. However, she states in her brief that the day she filed the complaint was "the last day of the statutory period for filing an action."

S.E.2d 679, 681–82 (Ct.App.1997). A trial judge's exercise of his discretionary powers with respect to sanctions imposed in discovery matters will not be disturbed on appeal absent a clear abuse of discretion. *Id.* The burden is on the party appealing from the order to demonstrate the trial court abused its discretion. *Id.* An abuse of discretion may be found by this court where the appellant shows that the decision of the trial judge was without reasonable factual support and resulted in prejudice to the appellant, thereby amounting to an error of law. *Id.*

Halverson alleges in her brief that she was prejudiced by the trial court's ruling because she filed her complaint on the last day of the statute of limitations, and hence may not refile. However, she failed to provide this court with a copy of her complaint in the record on appeal. Halverson further alleges that she has in fact complied with Yawn's discovery requests and mailed her responses to Yawn within the appropriate time. However, there is nothing in the record to indicate the responses were mailed or that Halverson apprised the trial judge of her efforts to serve Yawn with her responses. Furthermore, Halverson failed to file a motion to alter or amend the judgment to argue her compliance with discovery requests after the dismissal of her case. While we recognize that the sanction of dismissal is "harsh medicine that should not be administered lightly," we nevertheless hold that Halverson has failed to carry her burden of showing the trial court abused its discretion. *See Karppi,* —— S.C. at ——, 489 S.E.2d at 682. This court is unable to discern from the spartan record on appeal either error or prejudice to Halverson. *See Doe v. Greenville Hosp. Sys.,* 323 S.C. 33, 38 n. 2, 448 S.E.2d 564, 567 n. 2 (Ct.App.1994) (Appellant has the burden of presenting a sufficient record from which the appellate court can determine whether the trial judge erred.).

Accordingly, the order of the trial judge is

AFFIRMED.

HOWELL, C.J., and STILWELL, J., concur.