586 S.E.2d 572

Voncorie Jermal **BARNETTE** and Marlos Dupree Barnette, minors under the age of eighteen years, by Willie M. Barnette and Evelyn G. Barnette, their Parents and General Guardians, Appellants,

v.

**ADAMS BROTHERS LOGGING, INC. and**
Dan Frederick Little, Respondents.

Evelyn G. Barnette, Appellant,

v.

Adams Brothers Logging, Inc. and Dan
Frederick Little, Respondents.

Willie M. Barnette, Appellant,

v.

Adams Brothers Logging, Inc. and Dan
Frederick Little, Respondents.

No. 25711.

Supreme Court of South Carolina.

Heard May 14, 2003.

Decided Sept. 2, 2003.

Rehearing Denied Oct. 8, 2003.

Mitchell K. Byrd, of Byrd and Byrd, of Rock Hill, for Appellants.

Mark S. Barrow, and William R. Calhoun, Jr., of Sweeny, Wingate, and Barrow, P.A., of Columbia, for Respondents.

Justice WALLER:

This is a tort action in which the circuit court dismissed the appellants' (the Barnettes/plaintiffs) complaints for failing to comply with pre-trial discovery. We affirm in part and reverse in part.

## FACTS

This case involves an auto accident between the Barnettes' 1991 Plymouth van and a logging truck owned by respondent, Adams Brothers Logging, Inc. Sixteen-year old Voncorie Barnette was driving the Plymouth van; his eight-year old brother Marlos and his mother Evelyn were passengers. The van was stopped at a red light in Rock Hill. A logging truck driven by Adams Brothers employee, Dan Little, was stopped direct-

ly behind the Barnette vehicle. The light turned green and Voncorie began to proceed through the intersection; however, he decelerated believing another vehicle was about to enter the intersection. The logging truck driven by Little collided with the Barnette vehicle, having proceeded into the intersection approximately one car length. The Barnettes were transported to the hospital by ambulance where they were treated and released.

Between March and May 1999, lawsuits were filed on behalf of Voncorie, Marlos, and Evelyn Barnette, seeking recovery for personal injuries, and a loss of consortium was filed on behalf of Evelyn's husband, Willie Barnette.

Approximately one and one-half years later, in January 2001, the chief administrative judge orally established a date of April 1, 2001, as the close of discovery. In May 2001, the court found that the plaintiffs had failed to timely name five expert witnesses; accordingly, it ruled they would not be allowed to testify. Simultaneously, the court ruled Evelyn Barnette would be required to produce Social Security records, and ordered the parties to provide pre-trial briefs to Judge Short by June 13, 2001.

On July 13, 2001, the circuit court issued an order dismissing all of the Barnettes' complaints. The order states, "Plaintiff's machinations and invidious manipulations of the discovery process had, by the time the undersigned became administrative judge for the Sixteenth Judicial Circuit, created an extremely hostile environment, consumed an inordinate amount of the Court's time to the detriment of other litigants in York County, and made what should have been a simple wreck case into an administrative nightmare." It held the actions of the Barnettes' attorney "manifest a persistent pattern of failing without justification to present his clients for deposition."[1] The court found counsel's direct defiance of its orders and failure to cooperate in discovery, justified dismissal of plaintiffs' claims.

---

1. The cases were initiated in March and May, 1999. Despite repeated attempts to depose the Barnettes beginning in July 1999, counsel for the plaintiffs persistently refused, contending he wanted further discovery from the defendants before allowing his clients' depositions to go forward. After numerous hearings, the depositions were finally taken in March 2001.

## ISSUES

1. Did the trial court err in excluding the testimony of plaintiffs' experts?

2. Did the trial court err in dismissing all three cases?

### 1. EXCLUSION OF EXPERTS

The Barnettes contend the trial court erred in excluding the testimony of their five expert witnesses, whom they named in late March 2001. We agree.

In determining the appropriate sanction for late disclosure of an expert witness, this Court has stated, "it lies within the discretion of the trial judge to decide what sanction, if any, should be imposed. The rule is designed to promote decisions on the merits after a full and fair hearing, and the sanction of exclusion of a witness should never be lightly invoked." *Jackson v. H & S Oil Co., Inc.*, 263 S.C. 407, 411, 211 S.E.2d 223, 225 (1975) (*quoting Carver v. Salt River Valley Water Users' Ass'n*, 8 Ariz.App. 386, 446 P.2d 492, 496 (1968)). In *Orlando v. Boyd*, 320 S.C. 509, 466 S.E.2d 353 (1996), we addressed the trial court's exclusion of the plaintiff's expert witness for failing to abide by a pre-trial scheduling date for taking depositions, stating, "[w]hatever sanction is imposed should serve to protect the rights of discovery provided by the rules. A sanction of dismissal is too severe if there is no evidence of any intentional misconduct." 320 S.C. at 511–512, 466 S.E.2d at 355.

In *Jumper v. Hawkins*, 348 S.C. 142, 558 S.E.2d 911 (Ct.App.2001), the Court of Appeals addressed the authority of a trial court to exclude the testimony of an expert. The *Jumper* court held a trial judge is required to consider and evaluate the following factors before imposing the sanction of exclusion of a witness: (1) the type of witness involved; (2) the content of the evidence emanating from the proffered witness; (3) the nature of the failure or neglect or refusal to furnish the witness' name; (4) the degree of surprise to the other party, including the prior knowledge of the name of the witness; and (5) the prejudice to the opposing party. 348 S.C. at 152, 558 S.E.2d at 916.

██ In the present case, the trial court made no specific finding of prejudice to the respondents, other than finding the late disclosure would necessitate further discovery. Moreover, the trial court advised the parties that there had been no disobedience of any order of the court, and that it had not imposed any sanctions. Under the facts presented, we find the exclusion of plaintiffs' experts was not warranted. Accordingly, the trial court's exclusion of plaintiffs' experts is reversed.

## 2. DISMISSAL OF PLAINTIFFS' COMPLAINTS

The Barnettes also assert the trial court erred in dismissing their complaints. As to the actions of Voncorie, Marlos, and Willie Barnette, we agree; as to Evelyn Barnette's claim, we disagree.

██ Pursuant to Rule 37(b)(2)(C), SCRCP, when a party fails to obey an order to provide or permit discovery, the court may "make such orders in regard to the failure as are just," including an order dismissing the action or proceeding, or any part thereof. *Accord In re Anonymous Member of South Carolina Bar*, 346 S.C. 177, 194, 552 S.E.2d 10, 18 (2001) (noting that "judges must use their authority to make sure that abusive deposition tactics and other forms of discovery abuse do not succeed in their ultimate goal: achieving success through abuse of the discovery rules rather than by the rule of law."). The imposition of sanctions is generally entrusted to the sound discretion of the trial judge. *Halverson v. Yawn*, 328 S.C. 618, 493 S.E.2d 883 (Ct.App.1997). A trial judge's exercise of his discretionary powers with respect to sanctions imposed in discovery matters will not be disturbed on appeal absent a clear abuse of discretion. *Id.* The burden is on the party appealing from the order to demonstrate the trial court abused its discretion. *Id.*

At a May 18, 2001 hearing, counsel for Adams Brothers moved to compel Evelyn Barnette to produce her social security records, indicating he needed a medical authorization before the Social Security Administration (SSA) would release her records.[2] The court granted the motion from the bench,

---

2. The defense learned in her March 8th deposition that Evelyn had sought and been denied SS disability four times, claiming that she had been disabled as a result of the accident.

insofar as the records related to Evelyn Barnette's position before the SSA. Although the trial court's written order, dated May 21, 2001, did not specifically order Evelyn Barnette to sign a medical authorization, it did order that the defendant's motion for production of the SS records was granted. The Barnettes filed a timely motion to alter or vacate, which was denied. On May 30, 2001, counsel for Adams Brothers sought clarification of the written order, requesting Mrs. Barnette be ordered to sign a medical authorization for her medical records. On June 4, 2001, the court held another hearing, at which it indicated that its oral ruling on May 18th was intended as an order for Mrs. Barnette to sign a medical release authorization for the SS records. At the conclusion of the hearing, the court orally ordered that the defendants be allowed to take the deposition of the social security representative on two days notice.[3] The Barnettes' attorney filed another motion to alter the court's June 4th oral rulings, which was denied.

Yet another hearing was held by the court on June 11, 2001, when it came to the court's attention that the SSA was not willing to allow their agent to be deposed without a written consent form from Evelyn Barnette. The court ordered Evelyn sign a release form, and deliver it to defense counsel by 1:00 pm on Wednesday, June 13th. At the hearing, defense counsel indicated that the plaintiffs had not yet complied with the court's oral June 4th order to exchange witness and exhibit lists. Counsel for the plaintiffs responded that he didn't feel he was bound by the court's oral orders from the bench, and that he was "going to have to give it some serious thought" whether to comply with the court's orders, and whether to require Evelyn Barnette to sign a consent to release her SS records. At the conclusion of the June 11th hearing, the court stated the plaintiffs' refusal to comply with its orders could result in the following:

> ... the imposition of sanctions which may result in dismissing the action ... My view of this matter is that if the plaintiff continues to disregard the instructions of this court with regard to discovery and getting the matter ready for

---

**3.** The court also ruled at the June 4th hearing that the parties would be required to exchange witness lists and exhibit lists by Friday, June 8th.

trial, that it is exercising bad faith, willful disobedience to the orders of this court ... and failure to comply by 5:00 pm today (June 11th) may well result in dismissal of all three of these cases.

Further, the court reiterated that Evelyn Barnette's authorization to release her SS records must be delivered by 1:00 pm Wednesday, June 13th, and that written pre-trial briefs must be filed that day as well. Plaintiffs' motion to vacate or reconsider these rulings was denied. Mrs. Barnette failed to comply with the court's order that she sign a medical authorization form.

The court issued form orders dismissing all three cases on June 14, 2001; a detailed written order was entered on July 13, 2001. The Barnette's motions to alter or amend were denied.

Given Evelyn Barnette's persistent refusal to comply with the trial court's orders, particularly her failure to authorize release of her social security records, we find the court acted within its discretion in dismissing her action. *In Re Anonymous Member of South Carolina Bar, supra.* However, we find the trial court's dismissal of the remaining complaints was largely premised upon Evelyn Barnette's refusal to sign the medical authorization form; accordingly, we find that only her case should have been dismissed. *Cf. Balloon Plantation v. Head Balloons,* 303 S.C. 152, 399 S.E.2d 439 (Ct.App.1990) (sanction imposed should be aimed at the specific misconduct of the party sanctioned). We find the discovery violations pertaining to Marlos and Voncorie's claims, and to Willie Barnette's loss of consortium claim,[4] do not warrant dismissal. Accordingly, we reverse the circuit court's dismissal of these claims and remand for further proceedings.

## CONCLUSION

On the record before us, we find exclusion of plaintiffs' expert witnesses was not warranted; accordingly, the circuit

---

4. This Court has recognized that a loss of consortium claim is not derivative, but is a distinct, independent cause of action. *Preer v. Mims,* 323 S.C. 516, 476 S.E.2d 472 (1996). Judgment in favor of the defendant in one action is not a bar to the other action. *Graham v. Whitaker,* 282 S.C. 393, 321 S.E.2d 40 (1984). Accordingly, the fact that Evelyn Barnette's claim is dismissed does not bar Willie Barnette's claim.

court's ruling in this regard is reversed. We affirm the circuit court's dismissal of Evelyn Barnette's complaint; however, we reverse the circuit court's dismissal of the remaining complaints and remand for trial.

**Affirmed in part, reversed in part, and remanded.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.