THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The Estate of Charles L. Watson, and Eleanor G. Watson, and Pamela Watson Fehlig, as Personal Representatives of the Estate of Charles L. Watson, and CLW Investments, Inc., d/b/a Salt Marsh Cove, and Wilbur M. McLamb, Individually, Respondents,
 v.
 Malcolm M. Babb, Appellant
 
 
 

Appeal From Horry County
 Thomas W. Cooper, Jr., Circuit Court Judge
 J. Michael Baxley, Circuit Court Judge
Unpublished Opinion No. 2007-UP-329
Submitted May 1, 2007  Filed June 25, 2007    

AFFIRMED

 
 
 
 Malcolm M. Babb, of Calabash, N.C., pro
 se.
 Stephan Victor Futeral, of Mt. Pleasant, for Respondents.
 
 
 

PER CURIAM:  Malcom M. Babb appeals orders of the circuit court sanctioning him and denying his motion to quash a subpoena.  Babb further contends the circuit court abused its discretion by entering judgment on a prior judges order.  We affirm.[1]
FACTS
On July 17, 2001, the Watsons filed a lawsuit against Babb and amended the complaint on July 25, 2001, alleging abuse of process, malicious prosecution, frivolous proceedings, slander of title, conversion, and breach of fiduciary duty.  The Watsons noticed Babbs wife (Witness) for a deposition for December 29, 2003.  Witness requested that her deposition not be held at the office of the Watson properties, but rather at the Georgetown County Courthouse.  Not having received a response from the circuit court setting the location for her deposition, she notified the Watsons by letter, dated December 23, 2003, that she would not appear at the December 29th deposition. On January 13, 2004, the Watsons filed a motion to compel Witnesss testimony because she did not appear at the December 29th deposition.  The circuit court granted the Watsons motion to compel and ordered  the deposition take place at the Georgetown County Courthouse.
Witnesss deposition was held on April 19, 2004.  Babb attended the deposition and frequently made objections on behalf of Witness.  The Watsons claim Babbs objections were inappropriate and his behavior was disruptive.  As a result, the Watsons terminated the deposition with the intention of filing an appropriate motion asking the circuit court to continue it to a later date.  Accordingly, the Watsons made a motion for sanctions and to compel the deposition testimony of Witness. 
 
The circuit court heard the motion on September 13, 2004, and on November 24, 2004, the court ordered Babb pay $5,665.05 to the Watsons in attorneys fees and costs for the failed deposition.  The court also ordered that Babb pay the sum of $2500 to the South Carolina Bar Association as a sanction. The court further ordered the Watsons to reschedule Witnesss deposition and Babb to pay all costs of taking the second deposition at a  hourly fee of $250 for attorneys fees.  Babb then retained an attorney, who, on December 16, 2004, filed a motion for the circuit court to reconsider its award of sanctions against Babb.  On May 9, 2005, the circuit court partially granted Babbs motion for reconsideration, reducing the payment to the South Carolina Bar to $1000 and rescinding the award of attorneys fees and mileage for the taking of Witnesss second deposition. 
 
Prior to issuance of the May 9, 2005 order, counsel for Carolina First Bank sent Babb a letter, dated December 22, 2004, which stated that the bank had been served with a subpoena for the records regarding Babbs relationship with the bank.[2]   Counsel further stated that unless he received an order from the court that the subpoena should not be complied with, the bank would produce the requested records on or before January 24, 2004 [sic], as directed by the subpoena.  On January 19, 2005, Babb filed a motion to quash the subpoena issued to the bank.  The circuit court denied Babbs motion on the ground that it was untimely.  

On July 20, 2005, the Watsons filed a motion for sanctions for Babbs failure to comply with both the November 24, 2004 order and the May 9, 2005 order.  The circuit court granted the Watsons motion for sanctions and entered a monetary judgment against Babb in the amount of $7,040.05, which represented the $5,665.05 previously awarded by the court, plus an additional $1375 in attorneys fees and costs incurred by the Watsons in preparation for and attendance at the hearing before the court.  This appeal followed.
LAW/ANALYSIS
I.  Sanctions
Babb contends that in sanctioning him, the circuit court abused its discretion by: (1) ordering that he pay both the Watsons attorneys fees and expenses for Witnesss first deposition, as well as the video expenses of the second deposition; (2) failing to find that the Watsons attempted to use the deposition as a means of intimidation, and finding that Babbs objections were sanctionable, when the trial judge had granted him the right to object; (3) failing to make a determination of Babbs ability to pay before ordering that he pay attorneys fees; (4) requiring that Babb pay the South Carolina Bar Association the sum of $1000; (5) failing to give him an opportunity to challenge the Watsons affidavit of their expenses in attempting to obtain Witnesss deposition; and (6) sanctioning Babb in excess of what is usual for practicing attorneys in the state.  We disagree.
A.  Attorneys Fees and Retaking of Deposition
The imposition of sanctions is generally entrusted to the sound discretion of the trial judge.  Barnette v. Adams Bros. Logging, Inc., 355 S.C. 588, 593, 586 S.E.2d 572, 575 (2003).  A trial judges exercise of his discretionary powers with respect to sanctions imposed in discovery matters will not be disturbed on appeal absent a clear abuse of discretion.  Id.  The burden is on the party appealing from the order to demonstrate the trial court abused its discretion.  Id.  An abuse of discretion may be found where the appellant shows that the conclusion reached by the trial court was without reasonable factual support and resulted in prejudice to the rights of the appellant, thereby amounting to an error of law.  Dunn v. Dunn, 298 S.C. 499, 502, 381 S.E.2d 734, 735 (1989) (citing Darden v. Witham, 263 S.C. 183, 209 S.E.2d 42 (1974)). 
 
In In re Anonymous, 346 S.C. 177, 194, 552 S.E.2d 10, 18 (2001), our Supreme Court noted the broad discretion given South Carolina judges in addressing misbehavior during depositions.  The court stated that in addition to their traditional contempt powers, judges may impose sanctions for improper deposition conduct, including an award of reasonable expenses such as attorney fees.  Id.  The court also stated that among the costs a judge may deem appropriate could be those incurred for future judicial monitoring of depositions or payment for the retaking of depositions.  Id.
In the present case, the circuit court found that Babb engaged in conduct specifically prohibited in depositions.  The court found the prohibited conduct included making multiple and ongoing speaking objections and coaching the witness, both of which continued after objection from opposing counsel; engaging in disruptive behavior, including inappropriate and inflammatory references to opposing counsel; and making numerous incorrect objections that were dilatory in nature and purpose.  The court concluded Babbs conduct was a knowing and willful effort to subvert the cause of justice and undermine the judicial process. . . . 
 
Thus, pursuant to In re Anonymous, we hold it was within the courts discretion to sanction Babb by ordering him to pay the Watsons attorneys fees and costs, including the video expenses of Witnesss second deposition.
B.  Abuse of Discovery Process 

Moreover, Babb argues that the Watsons abused the discovery process by attempting to use Witnesss deposition as a means of intimidation.  However, we find no evidence of such an objective on the part of the Watsons.  Despite Babbs contention, we also find no evidence that the circuit court granted Babb any right to make speaking objections during the deposition.
C.  Ability to Pay Attorneys Fees
Babb also argues the  court erred by failing to make a determination of his ability to pay before ordering that he pay attorneys fees.  In determining whether to award attorneys fees as a sanction for discovery abuse, the court should weigh the nature of the abuse, the discovery posture of the case, willfulness, and the degree of prejudice.  Samples v. Mitchell, 329 S.C. 105, 112, 495 S.E. 2d 213, 216 (Ct. App. 1997).  The thrust of the discovery rules is to afford full and fair disclosure of evidence, to prevent a trial from becoming a guessing game or one of surprise for either party. State v. Highway Department v. Booker, 260 S.C. 245, 252, 195 S.E.2d 615, 619 (1973). 
 
Unlike in the family court area, the cases discussing imposition of attorney fees as a sanction for discovery abuse do not focus on the ability of the offending party to pay.  Nevertheless, we think the financial condition of the offending party should factor into the adequacy of the sanction.  However, in this case Babb filed a Rule 59(e) motion wherein he claimed he was not financially able to pay the sanctions.  Additionally, he filed an affidavit setting forth his financial condition. We note also that the Watsons filed a reply to Babbs motion for reconsideration vehemently attacking his claim of poverty.  Thus, it is clear the trial court had before it Babbs financial information and presumably considered it in granting partial relief on his motion for reconsideration by reducing the sum Babb was required to pay to the South Carolina Bar and eliminating the requirement for paying for the retaking of the deposition.   
D.  Payment  to the South Carolina Bar Association
In addition, Babb argues the circuit court abused its discretion by requiring him to pay $1000 to the South Carolina Bar Association, because the association was not a party to the litigation.  The court ordered Babb pay that sum to the association for use in its Law Related Education Program in educating our states laymen about substantive and procedural law. Although the association was not a party in this case, the sanction requiring Babb to pay the association was aimed at Babbs specific misconduct, pursuant to Karppi v. Greenville Terrazzo Co., Inc., in which the court of appeals held that the sanction should be aimed at the specific misconduct of the party sanctioned.  327 S.C. 538, 543, 489 S.E.2d 679, 682 (Ct. App. 1997).  Karppi further notes the policy reasons for the imposition of sanctions, which is to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent.  327 S.C. at 545, 489 S.E.2d at 683 (citing Natl Hockey League v. Metro. Hockey Club, Inc., 427 S.C. 639, 643, 96 S.Ct. 2778, 2781 (1976).  Because we find a connection between the order to pay the association and Babbs misconduct during the deposition, including his violation of the rules of procedure, we find the circuit court did not err by sanctioning Babb in this way.
 II.  Motion to Quash Subpoena
Babb contends the circuit court abused its discretion by denying his motion to quash the subpoena on the ground it was not timely filed, because the bank provided his banking records to the Watsons prior to the time prescribed to respond with a motion to quash.  Babb further contends it was error for the court to disregard the banks representations of the January 24, 2005 due date for filing a motion to quash and rely solely on the time frame set out in Rule 45, SCRCP.  We disagree.
Rule 45(c)(2)(B), SCRCP, provides that a person must file a motion to quash a subpoena within fourteen (14) days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service.  Considering this rule, Babbs January 21, 2005 filing of the motion to quash, after having received notice of the subpoena as early as December 21, 2004, was untimely.  However, on December 22, 2004, counsel for Carolina First Bank sent Babb a letter stating that unless they received an order from the court that the subpoena should not be complied with, the bank would produce the records requested on or before January 24, 2004 [sic], as directed by the subpoena. Nevertheless, the bank provided Babbs records to the Watsons on January 7, 2005.
 
As we read the banks letter to Babb, there was no representation as to the deadline for Babb to file a motion to quash.  The timeliness of Babbs motion was governed by the Rules of Civil Procedure, which could neither be lengthened nor shortened by the banks letter.  Therefore, we ascribe no error to the court when it relied on the Rules of Civil Procedure in finding Babbs motion to be untimely.  
 
Moreover, we perceive no prejudice to Babb in the allegedly premature furnishing of the records by the bank inasmuch as he does not contend that the records were not discoverable.[3]  Thus, the banks release of them before the deadline set out in the letter to Babb, does not give rise to reversible error. We find the circuit court did not abuse its discretion by denying Babbs motion to quash the subpoena.     
 
III.  Other Issues Argued
Babb also argues the circuit court abused its discretion by sanctioning him in excess of sanctions that would have been entered against a licensed attorney for like conduct citing In the Matter of Golden, 329 S.C. 335, 496 S.E.2d 619 (1998); that the  court erred in sanctioning him because he was not given the opportunity to challenge the Watsons attorneys fee affidavit; and that the court did not have jurisdiction and/or abused its discretion by entering judgment on a judgment and awarding additional attorneys fees.  We hold these arguments are manifestly without merit and affirm the trial court pursuant to Rule 220(c), SCACR, (which provides that the appellate court may affirm any ruling, order, decision or judgment upon any grounds appearing in the record on appeal) and the following authorities: Ball v. Canadian American Express Co., Inc., 314 S.C. 272, 277, 442 S.E.2d 620, 623 (Ct. App. 1994) (failure to object to the use of affidavits during a hearing waives the right to object on appeal); and Rule 37 SCRCP (dealing with the right of a court to sanction a party for failure to cooperate in discovery).
CONCLUSION
Based on the foregoing, we find the circuit court did not abuse its discretion when sanctioning Babb and denying his motion to quash the subpoena.  The circuit court also did not abuse its discretion by ordering that Babb pay additional attorneys fees.  Accordingly, the circuit courts decision is
AFFIRMED. 
SHORT, WILLIAMS, JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] The letter also indicated that Babb had been notified of or served with the subpoena on December 21, 2004.
[3] Babbs counsel conceded to the trial court that at least part of the documents furnished by the bank were relevant to the case.