**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Seyed D. Tahaei (a.k.a., David Tahaei),　　　　　　　　Respondent,

v.

Sherri L. Tahaei (f.k.a., Sherri L. Smith),　　　　　　　　Appellant.

———————

Appeal From Colleton County
Frances P. Segars-Andrews, Family Court Judge

———————

Unpublished Opinion No. 2012-UP-078
Submitted March 1, 2011 – Filed February 8, 2012
Withdrawn, Substituted and Refiled August 1, 2012

———————

**AFFIRMED IN PART AND REVERSED IN PART**

———————

Sherri L. Tahaei, pro se, of Summerville.

Thomas J. Rode, of Charleston, for Respondent.

R. Clenton Campbell, of Walterboro, for Guardian ad Litem.


**PER CURIAM:** Sherri L. Tahaei (f.k.a. Sherri L. Smith) (Sherri), pro se, appeals the family court's final order finding she failed to establish the existence of a common-law marriage. She argues the family court erred in: (1) finding no common-law marriage existed; (2) failing to enforce multiple orders requiring Seyed D. Tahaei (Seyed) to produce immigration and financial documents; and (3) failing to grant her motion for a continuance after Seyed failed to timely provide discovery documents. We affirm in part and reverse in part.[1]

"The family court is a court of equity." Lewis v. Lewis, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). In appeals from the family court, the appellate court reviews factual and legal issues de novo. Simmons v. Simmons, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). "De novo review permits appellate court fact-finding, notwithstanding the presence of evidence supporting the [family] court's findings." Lewis, 392 S.C. at 390, 709 S.E.2d at 654-55. However, this broad standard of review does not require the appellate court to disregard the factual findings of the family court or ignore the fact that the family court is in the better position to assess the credibility of the witnesses. Pinckney v. Warren, 344 S.C. 382, 387, 544 S.E.2d 620, 623 (2001). Moreover, the appellant is not relieved of the burden of demonstrating error in the family court's findings of fact. Id. at 387-88, 544 S.E.2d at 623.

## I.   Common-Law Marriage

Sherri argues the family court erred in finding she failed to meet her burden of proof because she provided sufficient evidence to prove a common-law marriage existed. We agree.

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

"Whether a common-law marriage exists is a question of law." Callen v. Callen, 365 S.C. 618, 623, 620 S.E.2d 59, 62 (2005). "The proponent of the alleged marriage has the burden of proving the elements by a preponderance of the evidence." Id. "A common-law marriage is formed when two parties contract to be married." Id. at 624, 620 S.E.2d at 62. "No express contract is necessary; the agreement may be inferred from the circumstances." Id. "The fact finder is to look for mutual assent: the intent of each party to be married to the other and a mutual understanding of each party's intent. Consideration is the participation in the marriage. If these factual elements are present, then the court should find as a matter of law that a common-law marriage exists." Id.

"Further, when the proponent proves that the parties participated in apparently matrimonial cohabitation, and that while cohabiting the parties had a reputation in the community as being married, a rebuttable presumption arises that a common-law marriage was created." Id. (internal quotation marks omitted). "This presumption may be overcome by strong, cogent evidence that the parties in fact never agreed to marry." Id. (internal quotation marks omitted).

We find the family court erred as a matter of law because Sherri provided ample evidence to support her contention she and Seyed were common-law married. First, the family court erred in finding Seyed never listed Sherri as his wife "on any documentation." Multiple documents in the record indicate a common-law marriage existed. For example: (1) checks from a joint bank account in the name of "D.S. Tahaei" and "S.L. Smith-Tahaei"; (2) an insurance card signed by Seyed listing "Sherri L. Smith-Tahae[i]" as an insured; (3) two newspaper articles announcing the birth of their second child and identifying the couple as "David and Sherri Tahaei"; (4) a country club membership application signed by Seyed listing "Sherri Tahaei" as "spouse"; and (5) a health insurance policy questionnaire signed by Seyed indicating he has "a common-law marriage" and listing "Sherri L. Smith-Tahaei" as his wife. Additionally, Sherri testified she and Seyed cohabitated for approximately eight years. Moreover, Sherri's next door neighbor testified Seyed introduced Sherri as his wife and that she believed Sherri and Seyed were living together as husband and wife. Finally, Sherri's

daughter from an earlier relationship testified Seyed raised her as his step-daughter and explained she called him "Daddy David."

We find Sherri proved by a preponderance of the evidence she and Seyed agreed to live as husband and wife.  See id. at 624, 620 S.E.2d at 62.

Seyed provided very little in the way of rebuttal evidence.  He disputed the validity of the documents Sherri entered and testified he moved out for a period of time during the cohabitation.  Seyed's testimony was not strong, cogent evidence sufficient to rebut the presumption the couple agreed to marry.  See id.

Accordingly, we reverse the family court's finding that Sherri failed to establish the existence of a common-law marriage.

## II.    Remaining Issues

With regard to Sherri's remaining issues on appeal, we affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the family court erred in failing to enforce multiple orders requiring Seyed to produce immigration and financial documents to Sherri:  Halverson v. Yawn, 328 S.C. 618, 621, 493 S.E.2d 883, 884 (Ct. App. 1997) (holding a trial court's exercise of its discretionary powers with respect to sanctions imposed in discovery matters will not be disturbed on appeal absent a clear abuse of discretion).

2.      As to whether the family court erred in denying Sherri's motion for a continuance:  Moore v. Moore, 376 S.C. 467, 482, 657 S.E.2d 743, 751 (2008) (holding the grant or denial of a continuance is within the sound discretion of the trial court and is reviewable on appeal only when an abuse of discretion appears in the record).

**AFFIRMED IN PART AND REVERSED IN PART.**

**WILLIAMS, GEATHERS, and LOCKEMY, JJ., concur.**