**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Appellant,

v.

Kyle Heath, Shana Heath, and Casey Cargo,
Respondents.

In the interest of minors under the age of eighteen.

Appellate Case No. 2019-002112

---

Appeal From Lexington County
Robert E. Newton, Family Court Judge

---

Unpublished Opinion No. 2022-UP-318
Submitted June 1, 2022 – Filed August 3, 2022

---

**AFFIRMED**

---

Scarlet Bell Moore, of Greenville, for Appellant.

Deborah J. Butcher and Robert J. Butcher, both of the Camden Law Firm, PA, of Camden, for Respondents Kyle Heath and Shana Heath.

John Elliott, of Columbia, for Respondent Casey Cargo.

Robin Page, of The Law Office of Robin Page, LLC, of Columbia, for the Guardian ad Litem.

**PER CURIAM:** In an appeal from the family court, the South Carolina Department of Social Services ("SCDSS") argues that the court erred in awarding $1,070.05 in attorney's fees and costs to Kyle and Shana Heath (collectively, "the Heaths") under Rule 37, SCRCP. Specifically, SCDSS argues that the family court erred by relying on Rule 37(a)(4), SCRCP, in making its determination. SCDSS further argues that it cannot be sanctioned for discovery abuse because the family court ultimately dismissed the case. We disagree and affirm the family court's ruling.

## I.     Sanctions

"The imposition of sanctions is generally entrusted to the sound discretion of the [c]ircuit [c]ourt." *Downey v. Dixon*, 294 S.C. 42, 45, 362 S.E.2d 317, 318 (Ct. App. 1987). Indeed, "[a] trial judge's exercise of his discretionary powers with respect to sanctions imposed in discovery matters will not be disturbed on appeal absent a *clear abuse of discretion*." *Barnette v. Adams Bros. Logging, Inc.*, 355 S.C. 588, 593, 586 S.E.2d 572, 575 (2003) (emphasis added) (citing *Halverson v. Yawn*, 328 S.C. 618, 620, 493 S.E.2d 883, 884 (Ct. App. 1997)). "An abuse of discretion may be found where the appellant shows that the conclusion reached by the trial court was without reasonable factual support and resulted in prejudice to the rights of appellant, thereby amounting to an error of law." *Karppi v. Greenville Terrazzo Co., Inc.*, 327 S.C. 538, 542, 489 S.E.2d 679, 681–82 (Ct. App. 1997) (citing *Dunn v. Dunn*, 298 S.C. 499, 502, 381 S.E.2d 734, 735 (1989)). The burden is on the party appealing the imposition of sanctions to demonstrate that the trial judge abused his or her discretion. *Barnette*, 355 S.C. at 593, 586 S.E.2d at 575.

Sanctions imposed under Rule 37 should be reasonable, and their severity should not go beyond the necessities of the situation. *See Karppi*, 327 S.C. at 543, 489 S.E.2d at 682; *see also Balloon Plantation, Inc. v. Head Balloons, Inc.*, 303 S.C. 152, 154, 399 S.E.2d 439, 440 (Ct. App. 1990). Accordingly, sanctions imposed under Rule 37 should serve to protect the rights of discovery provided by the Rules of Civil Procedure, and they should be aimed at the specific misconduct of the party sanctioned. *Balloon Plantation*, 303 S.C. at 154, 339 S.E.2d at 440; *see Karppi*, 327 S.C. at 543, 489 S.E.2d at 682; *see also Downey*, 294 S.C. at 45, 362 S.E.2d at 318; *Kershaw Cnty. Bd. of Educ. v. United States Gypsum Co.*, 302 S.C. 390, 395, 396 S.E.2d 369, 372 (1990).

The family court's imposition of sanctions was appropriate pursuant to Rule 37 generally, as well as specifically pursuant to Rules 26(C) and 37(a)(4). Further, the

family court sufficiently described SCDSS's specific actions warranting the imposition of sanctions in this case. Therefore, we affirm the family court's imposition of sanctions against SCDSS.

## II. Impact of Dismissal

SCDSS argues that it cannot be sanctioned for discovery abuse because the family court ultimately dismissed the case. We disagree.

While there are few cases in South Carolina's jurisprudence addressing this issue, our court has held that "discovery abuse motions do not become moot when a case is terminated." *Creighton v. Coligny Plaza Ltd. P'ship*, 334 S.C. 96, 122–23, 512 S.E.2d 510, 524 (Ct. App. 1998). Indeed, in their plain text, the South Carolina Rules of Civil Procedure do not restrict the imposition of sanctions in cases that have been dismissed. Rules 11, 16, 26, and 37, SCRCP, do not consider the outcome of the proceedings in setting forth the manner through which to control litigation and sanction misconduct.

Despite the absence of cases addressing this issue in our state's jurisprudence, federal courts have dealt with this issue with a certain degree of frequency. In addressing the issue of whether sanctions imposed under Rule 11, FRCP, become unenforceable once a case is terminated, the Supreme Court of the United States held that "[l]ike the imposition of costs, attorney's fees, and contempt sanctions, a Rule 11 sanction is not a judgment on the action's merits, but simply requires the determination of a collateral issue, which may be made after the principal suit's termination." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 385 (1990). Further, the United States Court of Appeals for the Second Circuit has held many times that Rule 37, FRCP, issues do not become moot once a case is terminated. In *Heinrichs v. Marshall and Stevens, Inc.*, the Second Circuit affirmed a district court award of Rule 37 sanctions subsequent to a grant of summary judgment. 921 F.2d 418, 420–21 (2d Cir. 1990).

Based on our court's language in *Creighton*, the absence of restrictions in the text of Rules 26 and 37, and guidance from the federal courts, SCDSS can properly be sanctioned under Rules 26 and 37, despite the family court's ultimate dismissal of the case.

Based on the foregoing, the ruling of the family court is

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.