**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kenneth B. Loveless, Appellant,

v.

Lesley Ann Stiles a/k/a Leslie Lou Stiles, Respondent.

Appellate Case No. 2023-000145

———————

Appeal From Richland County
Jean Hoefer Toal, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-218
Heard February 13, 2025 – Filed July 2, 2025

———————

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED**

———————

Desa Ballard, Harvey M. Watson, III, and Haley Alyse Hubbard, all of Ballard & Watson, Attorneys at Law, of West Columbia, for Appellant.

John S. Nichols, of Bluestein Thompson Sullivan LLC; and Christopher P. Kenney, of Chris Kenney Law, both of Columbia, for Respondent.

———————

**PER CURIAM:** Kenneth Loveless, a board member for Lexington-Richland School District Five (the school district), brought a defamation action against

Leslie Stiles, creator and administrator of a Facebook group called "Deep Dive into D5" (Facebook page), arguing she defamed him by posting defamatory statements about him and approving other Facebook users' posts.[1] Stiles moved for judgment on the pleadings, and the circuit court granted her motion. On appeal, Loveless argues the court erred by considering material outside the facts alleged in the complaint. He further argues the circuit court erred in finding Stiles is immune under the Communications Decency Act of 1934, 47 U.S.C. § 230 (CDA) because Stiles posted her own statements *and* "endorsed" third-party statements. Additionally, Loveless argues Stiles is not immune under the First Amendment of the U.S. Constitution because he is not a public official and she "undertook" liability as the administrator of the Facebook page. Finally, he argues the court erred in granting Stiles's motion to deem matters admitted despite his objections. We affirm in part, reverse in part, and remand.

## I. Materials outside of the complaint

We hold the circuit court did not improperly consider materials outside of the facts alleged in the complaint. *See Ziegler v. Dorchester County*, 426 S.C. 615, 619, 828 S.E.2d 218, 220 (2019) ("Whether reviewing a grant of summary judgment or a judgment on the pleadings, we apply the same legal standards as the [circuit] court."); *id.* ("We review questions of law *de novo*."). Here, there is no evidence that the court relied on any fact outside of Loveless's original complaint in granting judgment on the pleadings. Stiles's omnibus memo addressed seven different motions, and each argument and statement of facts were separated into different sections. It does not appear that Stiles referenced any facts not found in the pleadings in the section regarding her motion for judgment on the pleadings. Additionally, Loveless raised this issue to the circuit court at the motions hearing, and the circuit court stated it could parse through the facts from the memo and the complaint to properly reach its conclusion. Further, there is nothing in the order indicating the court relied on any outside materials. Accordingly, we find the circuit court looked only to the facts alleged in the complaint in granting Stiles's motion, and we affirm as to this issue.

## II. Defamatory statements

### A. Third-party statements

---

[1] Stiles is the mother of three children who go to school in the school district. She also participates in the parent teacher organization and her school's improvement council.

We hold the circuit court did not err in granting the motion for judgment on the pleadings as to any third-party statements. First, we find the circuit court properly held Loveless was a public official. *See Erickson v. Jones St. Publishers, LLC*, 368 S.C. 444, 468, 629 S.E.2d 653, 666 (2006) (explaining the determination of whether a plaintiff is a public official "is a matter of law which must be decided by the court[] on a case by case basis after a careful examination of the facts and circumstances"). Loveless was a publicly elected government official who was acting in his capacity as a member of the school board. *See Holtzscheiter v. Thomson Newspapers, Inc.*, 332 S.C. 502, 522 n.4, 506 S.E.2d 497, 507 n.4 (1998) (Toal, J., concurring) ("[T]he 'public official' designation applies at the very least to those among the hierarchy of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of governmental affairs." (quoting *Rosenblatt v. Baer*, 383 U.S. 75, 85 (1966))). Moreover, Loveless conceded some of the statements were matters of opinion regarding his performance as a public official. Furthermore, as a public official, Loveless must allege actual malice in the complaint. *See George v. Fabri*, 345 S.C. 440, 451, 548 S.E.2d 868, 874 (2001) ("The constitutional guarantee of free speech requires that a public official or public figure must prove a defamatory statement was made 'with "actual malice"—that is, with knowledge that it was false or with reckless disregard of whether it was false or not.'" (quoting *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964))).

At this stage in the case, Loveless needed only to allege that Stiles published the statements with actual malice—not *prove* actual malice. *See Russell v. City of Columbia*, 305 S.C. 86, 89, 406 S.E.2d 338, 339 (1991) ("[A] complaint is sufficient if it states any cause of action or it appears that the plaintiff is entitled to any relief whatsoever."); *Ballard v. Admiral Ins. Co.*, 442 S.C. 22, 33-34, 897 S.E.2d 183, 188 (Ct. App. 2023) ("In analyzing a Rule 12(c) motion[, SCRCP], the court must liberally construe the complaint 'so that substantial justice is done between the parties.'" (quoting *Falk v. Sadler*, 341 S.C. 281, 287, 533 S.E.2d 350, 353 (Ct. App. 2000))). Here, Loveless's complaint alleged Stiles "acted with actual malice" in "republish[ing]" the third-party statements. Additionally, the complaint alleged Stiles published statements "with specific knowledge they were false and/or with a reckless disregard for whether they were false or not." Therefore, we find Loveless sufficiently pled actual malice as to the statements Stiles republished and hold the circuit court erred in finding Loveless failed to plead actual malice as to the third-party statements.

However, we find this error was insubstantial. We find the circuit court properly granted the motion for judgment on the pleadings as to the third-party statements

because, even if the facts alleged by Loveless are true, he would not be entitled to judgment due to Stiles's immunity under the CDA. *See Ziegler*, 426 S.C. at 619, 828 S.E.2d at 220 ("Whether reviewing a grant of summary judgment or a judgment on the pleadings, we apply the same legal standards as the [circuit] court."); *id.* ("We review questions of law *de novo*."); *Russell*, 305 S.C. at 89, 406 S.E.2d at 339 ("A judgment on the pleadings against the plaintiff is not proper if there is an issue of fact raised by the complaint which, if resolved in favor of the plaintiff, would entitle him to judgment."). The CDA and its progeny of cases make clear that Stiles, as an information content provider, has no liability for other users' statements. *See* 47 U.S.C. § 230(c)(1) (stating "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider"); *Monsarrat v. Newman*, 28 F.4th 314, 319 (1st Cir. 2022) (holding the defendant was not responsible for the "allegedly defamatory posts" that were authored by third parties); *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997) (stating section 230(c)(1) of the CDA protects a defendant from being "liable for information" when the defendant acts in the "publisher's role" for that information); *Marshall's Locksmith Serv. Inc. v. Google, LLC*, 925 F.3d 1263, 1268 (D.C. Cir. 2019) (finding "the posting of third-party content" from one website to another "is plainly within the immunity provided by" the CDA). Further, defendants under the CDA have generally been afforded broad immunity. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009).

We agree with Loveless that this case is slightly distinguishable from *Zeran* because Stiles posted both her own statements and was the administrator of the page where third-party statements were posted. However, we find this distinction does not remove the protections of the CDA as to the third-party statements. As the court in *Zeran* found, even under a "negligence label," the failure to remove defamatory posts is considered "publication" and is still protected under the CDA. *See Zeran*, 129 F.3d at 332 (holding the "failure to remove a [defamatory] statement when first communicated by another party," even when alleged under a negligence theory, is a type of publication and therefore protected under the CDA).

Even if Stiles was not immune from liability for the third-party statements under the CDA, we hold she is protected by the First Amendment because the "undertaking theory" does not and cannot constitute actual malice. *See Wright v. PRG Real Est. Mgmt., Inc.*, 426 S.C. 202, 213, 826 S.E.2d 285, 291 (2019) (explaining "voluntary undertaking does not create a duty of care unless (a) the undertaker's failure to exercise reasonable care in performing the undertaking increased the risk of harm to the plaintiff, or (b) the plaintiff suffered harm because

she relied upon the undertaking"); *Elder v. Gaffney Ledger*, 341 S.C. 108, 114, 533 S.E.2d 899, 902 (2000) (finding actual malice requires a statement to be "made with the knowledge of its falsity or with reckless disregard for its truth"); *id.* ("A 'reckless disregard' for the truth, however, requires more than a departure from reasonably prudent conduct."). Accordingly, despite the fact that Loveless alleged actual malice, he is not entitled to judgment based on the third-party statements. *See Russell*, 305 S.C. at 89, 406 S.E.2d at 339 ("A judgment on the pleadings against the plaintiff is not proper if there is an issue of fact raised by the complaint which, if resolved in favor of the plaintiff, would entitle him to judgment."). Therefore, we affirm as to the third-party statements.

### B. Statements authored by Stiles

We hold the circuit court improperly granted judgment on the pleadings as to the statements alleged to have been authored by Stiles. *See Ziegler*, 426 S.C. at 619, 828 S.E.2d at 220 ("Whether reviewing a grant of summary judgment or a judgment on the pleadings, we apply the same legal standards as the [circuit] court."); *id.* ("We review questions of law *de novo*."); *Russell*, 305 S.C. at 89, 406 S.E.2d at 339 (finding "a complaint is sufficient if it states any cause of action or it appears that the plaintiff is entitled to any relief whatsoever"). The circuit court's order granting Stiles's motion for judgment on the pleadings focused almost entirely on third-party posts and Loveless's undertaking theory. In fact, the order stated there were no statements made by Stiles individually. Accepting the allegations as true, we find this is an error. Paragraph fifteen of the complaint alleged Stiles "publish[ed], ratif[ied], and/or endors[ed]" statements that "include but are not limited to" seven statements regarding Loveless and his actions while on the board. The word "publish," when used in reference to defamation, means "[t]o communicate (defamatory words) to someone other than the person defamed." Publish, *Black's Law Dictionary* (12th ed. 2024). Additionally, at the hearing, Loveless specifically argued that one of the statements alleged in paragraph fifteen, section b, was made by Stiles. Stiles appears to acknowledge that the statements in paragraph fifteen were alleged to have been authored by her based on the exhibit attached to her memo captioned statements "[a]ttributed to Stiles." We find Loveless alleged Stiles individually authored at least some of the statements listed in the complaint, and, therefore, the circuit court's ruling was premature. *See Russell*, 305 S.C. at 89, 406 S.E.2d at 339 ("All properly pleaded factual allegations are deemed admitted . . . ."); *Falk*, 341 S.C. at 290, 533 S.E.2d at 354 (holding the judgment on the pleadings was "premature" because even though some of the allegations were ambiguous, Falk's complaint contained allegations that, if true, could result in a ruling in his favor); *Ballard*, 442 S.C. at

33-34, 897 S.E.2d at 188 ("In analyzing a Rule 12(c) motion, the court must liberally construe the complaint 'so that substantial justice is done between the parties.'" (quoting *Falk*, 341 S.C. at 387, 533 S.E.2d at 353)).

Finally, we also find Loveless sufficiently alleged Stiles acted with actual malice by claiming she "knew or should have known the statements [she made] were false." Therefore, we hold it was improper to grant Stiles's motion for judgment on the pleadings as to her statements, as the complaint asserted there were statements alleged to be defamatory and alleged to have been made by Stiles with actual malice. Accordingly, we reverse and remand for further proceedings as to Stiles's statements.

## III. Matters deemed admitted

We hold the circuit court did not abuse its discretion in deeming the matters admitted. *See Barnette v. Adams Bros. Logging*, 355 S.C. 588, 593, 586 S.E.2d 572, 575 (2003) ("The imposition of sanctions is generally entrusted to the sound discretion of the [circuit court]."); *id.* ("A [circuit court]'s exercise of [its] discretionary powers with respect to sanctions imposed in discovery matters will not be disturbed on appeal absent a clear abuse of discretion."). The circuit court found Loveless's actions taken during discovery were "incompatible with the discovery rules" and his responses to Stiles's requests to admit (RTAs) were evasive and non-specific. We agree. *See* Rule 36(a), SCRCP ("If [an] objection is made, the reasons therefore shall be stated."); *id.* ("The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter."); *id.* ("A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder."); Rule 37(a)(3), SCRCP ("[A]n evasive or incomplete answer is to be treated as a failure to answer."). In deeming the matters admitted, the circuit court explained Loveless's answers were inadequate and contained improper objections. While some of the answers to the RTAs gave substantive responses, many stated Loveless was simply raising "general objections." Additionally, Loveless delayed discovery throughout the pretrial stages and even after the circuit court ordered him to complete discovery. Regardless, on appeal, Loveless has failed to provide any specific responses that were improperly deemed admitted or reasons as to why they were improperly admitted. *See Barnette*, 355 S.C. at 593, 586 S.E.2d at 575 ("The burden is on the party appealing from the order to demonstrate the [circuit] court

abused its discretion.").  Therefore, we hold the circuit court did not improperly deem the requests admitted, and we affirm as to this issue.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**