### 15113

HOSPITAL CARE CORPORATION v. COMMERCIAL CASUALTY INS. CO. *ET AL.*
NATIONAL HOSPITAL SERVICE v. SAME
SECURITY INDEMNITY CO. v. SAME

(9 S. E. (2d), 796)

374

380

*Messrs. Frank G. Tompkins, Frank B. Gary, Jr., C. T. Graydon, Carlisle Roberts, A. F. Spigner* and *John E. Edens,* for appellants,

*Messrs. J. B. S. Lyles,* for respondent, Commercial Casualty Ins. Co., and *Cooper & Maher,* for respondent,

July 1, 1940.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This appeal embraces three separate cases, all brought against the same two defendants. The complaints are identical, except for the name of the plaintiff and the differences in verbiage incidental thereto. The defendants demurred to each of the complaints, and the demurrers were heard by Honorable E. C. Dennis, while he was presiding in the Fifth Judicial Circuit. On November 24, 1939, Judge Dennis filed an order in each case sustaining the demurrers, filing a full and complete order in the case in which the Hospital Care Corporation is the plaintiff, and referred to this order in his orders in the remaining two cases. By agreement of counsel the pleadings and order in the Hospital Care Corporation case are printed in the record for appeal with the understanding that the decision of this Court is controlling in the three cases.

We are satisfied with, and concur in the result of Judge Dennis' order, which order is included as a part of this opinion, but a condensed statement of the pleadings is required as complementary to the said order.

The complaint contains two causes of action, the first charging libel based on certain statements in writing alleged to have been made of and concerning the plaintiff, now the appellant, in a pamphlet published and distributed by the defendants, the respondents, which statements were calculated to injure appellant's financial standing and business, and the second cause of action charging unfair competition in the publication and distribution of the pamphlet.

It is alleged in the first cause of action of the complaint that the respondent, Commercial Casualty Insurance Company, engaged in the insurance business in South Carolina, is a corporation organized under the laws of the State of New Jersey, and that the respondent, A. H. Sawyer, is a resident of Richland County, State of South Carolina, and is the agent of his co-respondent.

The appellant further alleges it is engaged in the business of writing hospitalization insurance and that there are only three companies chartered by this State to write this form of insurance, the three companies being, in addition to itself, National Hospital Service, Inc., and the Security Indemnity Company, each of which companies have their principal place of business in Columbia. The complaint further alleges that all three companies were formed in the last four years, are small stock companies and composed entirely of citizens of South Carolina. Appellant further says that although it is a new company it has built up a large and profitable business, and a steadily growing business "because of the faith and confidence of the people of South Carolina in the financial ability, integrity and management of plaintiff" and that the "nature of the plaintiff's business and is such that it is absolutely dependent upon the faith and confidence of the public in its financial standing and integrity and competent management, and in the belief and confidence of the public that its obligations will be promptly and fully met."

The appellant alleges in Paragraph four of the complaint that the respondent, Commercial Casualty Insurance Company, by and through its agent and co-respondent, A. H. Sawyer, did compose and publish a certain pamphlet containing false and defamatory matter, the composition and publication being done "maliciously and willfully and with evil intent to injure and destroy the business of plaintiff, and the other members composing the class of hospitalization insurance companies" referred to in the complaint. The alleged false and defamatory portion of the circular is quoted in the complaint and is as follows:

"Don't Worry! We'll Pay the Bills!
"Commercial Casualty
Insurance Company.
"A Company with a Reputation for Dependable Service.
"Operating in 46 States and Canada.—Licensed and

Bonded with the State of South Carolina for the protection of its Policyholders.

"During the past ten years several small mutual and Stock Companies were formed for the purpose of writing insurance, and who offered very attractive policies at unreasonably low rates only to soon find their liabilities about double the amount of their assets—and then what happened? The end came! Who lost? Ask your Insurance Department for the answer.

"Today the market is flooded with circulars and advertisements from small, inexperienced companies recently entering into the insurance business, who, no doubt, mean well. But the intelligent and thinking class of people must first realize the only safe, sound and sensible thing to do before they buy insurance of any kind, is to find out the financial standing of the company in which they are to place their money. Investigate its assets and liabilities and years of insurance experience in order to determine if the company is able to carry out its obligations, especially in case of epidemics when hundreds of claims are presented for payment daily.

"In order to relieve your worries and doubts as to the strength, age and financial responsibility, we offer you a policy with The Commercial Casualty Insurance Company, which is an affiliated company of the Loyalty Group and a sister company of the Metropolitan Casualty Insurance Company. The average age of the Loyalty Group is 71 years; with combined assets of over $43,000,000.00; a surplus to policyholders of over $20,000.00; claims paid to date in the amount of over $450,000,000.00; and with a field force and agency staff of over 25,000."

The appellant alleges that this circular was intended to destroy its business by conveying to the public the meaning that it and the other South Carolina Companies were uncertain financially, under incompetent management, could not and would not fulfil its contractual obligations, and

that the publication was to not only persuade the public to refrain from purchasing hospital insurance from these companies, but was intended also to cause the policyholders to cancel their policies and replace the contracts with insurance with the respondents.

The second cause of action is mainly a repetition of the matters alleged in the first cause of action, the point of divergence coming in the allegations charging loss of business by reason of numerous cancellations of policies and the refusal of numerous persons to purchase contracts from appellant, all because of the publication of the pamphlet by respondents.

Respondents filed separate but identical demurrers, the verbiage differing only as to the identification of the respective respondents. The demurrers to the first cause of action specify that the publication is not defamatory either *per se* or *per quod*. That portion of the demurrer devoted to the second cause of action specifies the failure to allege any wrongful act on the part of either respondent causing injury or damage to appellant since the language of the pamphlet is neither libelous or defamatory *per se* or *per quod,* nor does the second cause of action allege the required elements of a conspiracy to accomplish an unlawful purpose or a lawful purpose unlawfully.

All exceptions are overruled; and the order of Judge Dennis will be reported.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES FISHBURNE and STUKES concur.

MR. ACTING ASSOCIATE JUSTICE J. STROM THURMOND dissents.