22434

Patricia C. WINESETT, Appellant, v. Lem WINESETT, Jr., Respondent.
(338 S. E. (2d) 340)

Supreme Court

*Richard H. Rhodes*, Spartanburg, *for appellant.*

*John P. Bacot, Jr.*, Surfside Beach, *for respondent.*

Submitted Aug. 15, 1985.

Decided Dec. 30, 1985.

*Per Curiam:*

This is an appeal from a family court order terminating respondent's obligation to pay alimony to appellant. Because the order was entered against appellant by default, we dismiss the appeal as improper.

In *Belue v. Belue*, 276 S. C. 120, 276 S. E. (2d) 295 (1981), we dismissed an appeal from a family court order where the appellant was not present at the hearing below. This decision is in accord with other South Carolina cases holding that a direct appeal does not lie from a default judgment. *See, e.g., Duncan v. Duncan*, 93 S. C. 487, 76 S. E. 1099 (1912); *Gillian v. Gillian*, 65 S. C. 129, 43 S. E. 386 (1903); *Washington v. Hesse*, 56 S. C. 28, 33 S. E. 787 (1899); *Odom v. Burch*, 52 S. C. 305, 29 S. E. 726 (1898).

An early justification for this rule was that a defendant who does not appear and answer "has no status in court which will enable him to appeal from the judgment rendered." *Washington v. Hesse*, 56 S. C. at 29, 33 S. E. at 787. An additional justification is that a party appealing a default judgment will ordinarily be precluded from raising any issues on appeal because they were not first presented below. *See American Hardware Supply Co., Inc. v. Whitmire*, 278 S. C. 607, 300 S. E. (2d) 289 (1983); *Murphy v. Hagan*, 275 S. C. 334, 271 S. E. (2d) 311 (1980). Finally, the appellant will often not be able to meet his burden of providing this Court with a record sufficient to permit an adequate review. *See*

*Hamilton v. Greyhound Lines East,* 281 S. C. 442, 316 S. E. (2d) 368 (1984); *Germain v. Nichol,* 278 S. C. 508, 299 S. E. (2d) 335 (1983). For example, in this case the parties disagree on whether appellant had notice of the hearing and the transcript of record contains no evidence to enable a review of this factual dispute.

For these reasons, a default judgment may not be appealed to this Court. The proper procedure for challenging a default judgment is to move the trial court to set aside the judgment pursuant to Rule 60(b), SCRCP.[1] An appeal may then be taken from the denial of this motion.

We note that *Belue v. Belue, supra,* appears to recognize an exception to the above-stated rule when there is a radical defect in the judgment. This exception is derived from *Gadsden v. Home Fertilizer & Chemical Co.,* 89 S. C. 483, 72 S. E. 15 (1911). However, *Gadsden* was an appeal from the refusal to set aside a judgment. *See also Duncan v. Duncan, supra.* While a "radical defect" in the judgment is a ground for attacking the judgment, such attack must be through a motion to vacate.

Accordingly, this appeal is dismissed. Appellant's sole remedy is to move to set aside the judgment under Rule 60(b), SCRCP.

Appeal dismissed.

---

[1] Prior to the adoption of the South Carolina Rules of Civil Procedure, a motion to vacate a judgment was made under S. C. Code Ann. § 15-27-130 (1976). That section was repealed by Act No. 100 of 1985.