1567

The BALLOON PLANTATION, INC., Respondent v. HEAD BALLOONS,
INC., and Tarp Head, Appellants.

(399 S.E. (2d) 439)

Court of Appeals

*Stephen E. Hunter,* of *Varner & Hunter,* Greenville, *for appellants.*

*Perry H. Gravely,* Greenville, *for respondent.*

Heard Oct. 8, 1990.

Decided Oct. 29, 1990.

SANDERS, Chief Judge:

Respondent, The Balloon Plantation, Inc., brought this action against appellants Head Balloons, Inc., and Tarp Head, alleging a breach of contract, fraud, breach of contract with fraudulent intent, and a violation of the Unfair Trade Practices Act. Head Balloons and Mr. Head answered and counterclaimed, alleging a breach of contract. The Balloon Plantation moved for an order to compel discovery. In response to the motion, a circuit judge ordered Head Balloons and Mr. Head to deliver their answers to certain interrogatories to counsel for The Balloon Plantation "no later than 12:00 Noon, Wednesday, November 23, 1988." The order further provided "that if the Defendants fail to comply with this Order, then this Court shall impose sanctions as allowed by Rule 37(b) of the South Carolina Rules of Civil Procedure." In addition, the order pointed out that such sanctions "include citing the Defendants for contempt of court and/or entering a Judgment by Default as to all causes of action asserted in the Summons and Complaint in this matter and striking the Counterclaim of the Defendants." On November 22, 1988, the day before the answers to the interrogatories were due, Head Balloons and Mr. Head mailed their answers to counsel for The Balloon Plantation by Express Mail. However, the Postal Service did not deliver the answers until sometime during the afternoon of November 23, 1988, after the 12 noon deadline. When the case was called for trial, a second circuit judge sanctioned Head Balloons and Mr.

Head for the "failure of Defendants to timely comply with said Order." Apparently thinking he had no choice under the order of the first circuit judge, he "ordered that Defendants are in default and the counterclaim is stricken." Judgment was thereafter entered against Head Balloons and Mr. Head. They appeal the interlocutory order of the second circuit judge holding them in default and striking their counterclaim. We reverse and remand.

## I.

"The imposition of sanctions is generally entrusted to the sound discretion of the Circuit Court." *Downey v. Dixon*, 294 S.C. 42, 45, 362 S.E. (2d) 317, 318 (Ct. App. 1987). In our opinion, the Circuit Court abused its discretion in the instant case. We reluctantly reach this conclusion for two reasons.

## A.

In the first place, the sanction imposed, holding the defendants in default and striking their counterclaim, is unduly harsh under the circumstances. The defendants made the extra effort of having their answers delivered by Express Mail. The answers were due the next day at 12 noon. The Postal Service delivered the answers sometime during the afternoon of the day they were due. Thus, it appears that, at worst, the defendants were guilty of being no more than a few hours late. The sanction was imposed pursuant to Rule 37(b), SCRCP. The rule empowers the Court to impose a wide variety of sanctions. However, the sanction imposed should be reasonable, and the Court should not go beyond the necessities of the situation to foreclose a decision on the merits of a case. *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 78 S. Ct. 1087, 2 L. Ed. (2d) 1255 (1958). The sanction should be aimed at the specific misconduct of the party sanctioned. In other words, the sanction should be a rifle-shot, not a shotgun blast. In the instant case, the sanction was a hydrogen bomb. The defendants were denied the opportunity to present a defense. "The courts have generally held that *Rogers* requires some element of bad faith, willfulness, or callous disregard of the rights of other litigants in order to justify imposition of such a sanc-

tion." 4A J. Moore, J. Lucas & D. Epstein, *Moore's Federal Practice* ¶37.03[2], at 89 (2d ed. 1990).

## B.

The circuit judge who imposed the sanction apparently thought he was bound by the prior order to hold the defendants in default and strike their counterclaim. "I have no authority to alter or amend that order," he said. "That Order does provide, among other things, that [upon the defendants'] failure to comply with the order, the Court shall impose sanctions including, among others, entering a judgment by default as to all causes of action asserted in the Summons and Complaint in the matter, and striking the counterclaim of the Defendants." Thus, it appears that the circuit judge imposed the sanction, not in the exercise of his discretion, but because he thought he had no choice under the prior order. However, a careful reading of the prior order reveals that no particular sanction was required. The circuit judge, consistent with the prior order, could have held the defendants in contempt for their tardiness. Instead, he imposed the ultimate sanction of holding them in default and striking their counterclaim. "It is an equal abuse of discretion to refuse to exercise discretionary authority when it is warranted as it is to exercise the discretion improperly." *State v. Smith*, 276 S.C. 494, 498, 280 S.E. (2d) 200, 202 (1981).

## II.

Apart from the foregoing, The Balloon Plantation argues that the appeal of Head Balloons and Mr. Head should be dismissed for three procedural reasons.

## A.

The Balloon Plantation argues that the appeal of Head Balloons and Mr. Head should be dismissed because the defendants have appealed only the interlocutory order and not the final judgment in the case. The Supreme Court has previously denied the motion of The Balloon Plantation to dismiss the appeal on the same ground.[1] At one time,

---

[1] *The Balloon Plantation, Inc. v. Head Balloons, Inc.*, S.C. Sup. Ct. Order dated October 4, 1989 (unpublished order endorsed on motion of respondent).

we were under the impression that, when the Supreme Court summarily denied a motion to dismiss, the denial did not amount to a final adjudication on the merits of the issue. In other words, we thought the denial was a preliminary ruling, in the nature of a denial by a circuit judge of a motion for summary judgment. We have since learned otherwise. Last year, we dismissed the appeal in a case on the ground that the appeal was from an interlocutory order, not immediately appealable. *Collins v. Sigmon*, 89-MO-025 (Ct. App. 1989). The Supreme Court vacated our opinion, not reaching the merits of our decision but, rather, simply saying: "In light of the fact that we previously denied respondent's motion to dismiss on the ground the appeal was from an interlocutory order and not immediately appealable, the Court of Appeals was without authority tc dismiss the appeal on that same basis."[2] It is clear, therefore, that we are without authority to dismiss the appeal in the instant case on the same ground the Supreme Court has previously denied a motion to dismiss.

## B.

The Balloon Plantation argues that the order of the circuit judge is not reviewable because it is based on an alternative ground which is not challenged on appeal. Neither Head Balloons nor Mr. Head were represented by a lawyer at the time the sanction was imposed. The argument of The Balloon Plantation is based on something the circuit judge said from the bench. After ruling that the defendants were in default, he ruled further that Mr. Head did not have the right "to represent a corporation before the courts of this [S]tate." However, read in proper context, this ruling does not amount to an alternative ground for holding the defendants in default and striking their counterclaim. It appears, instead, that the circuit judge was simply establishing the rules for allowing further participation in the case by Mr. Head. The written order gives no reason for imposing the sanctions other than the "failure of Defendants to timely comply." *See Ward v.*

---

[2] *Collins v. Sigmon*, S.C. Sup. Ct. Order dated July 6, 1989 (unpublished order).

*Marturano*, ___ S.C. ___ , ___ , 394 S.E. (2d) 16, 18 (Ct. App. 1990) (a written order must be consistent with the "ruling from the bench").

## C.

The Balloon Plantation argues that the appeal should ■ be dismissed because Head Balloons and Mr. Head "failed to move before the trial court to have the default and/or judgment set aside." In support of its argument, The Balloon Plantation relies on *Winesett v. Winesett*, 287 S.C. 332, 338 S.E. (2d) 340 (1985). There, the Supreme Court held that "a default judgment may not be appealed to this Court. The proper procedure for challenging a default judgment is to move the trial court to set aside the judgment pursuant to Rule 60(b), SCRCP." *Id.* at 334, 338 S.E. (2d) at 341. The Court gave three reasons for requiring this procedure: (1) "a defendant who does not appear and answer 'has no status in court which will enable him to appeal from the judgment rendered' "; (2) "a party appealing a default judgment will ordinarily be precluded from raising any issues on appeal because they were not first presented below"; and (3) "the appellant will often not be able to meet his burden of providing this Court with a record sufficient to permit an adequate review." *Id.* at 333, 338 S.E. (2d) at 341.

The procedure required by the Court in *Winesett* is not required in the instant case. Here, unlike there, the defendants did appear and answer. They are not in default because of their failure to do so. Rather, they are in default because the circuit judge decided they should be in default. Here, unlike there, the trial court explicitly ruled on the question of whether the defendants should be in default. This Court is not being asked to rule on an issue not first presented below. There is no point in requiring the defendants to ask the circuit judge to rule on the same question twice. Here, unlike there, the appellants are able to provide this Court with a sufficient record on appeal. Rule 60(b) provides that a court may relieve a party from a final judgment, order or proceeding for "Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc." The defendants do not seek relief based on any of these grounds. Therefore, a motion pursuant to Rule 60(b) would not make any sense. *Nam ratio legis est*

*anima legis; cessante ratione legis cessat et ipsa lex* (or, so they say).[3]

For these reasons, the order of the Circuit Court is reversed, and the case is remanded for further proceedings.

Reversed and remanded.

GARDNER and GOOLSBY, JJ., concur.

---

[3] *See South Carolina Ins. Co. v. James C. Greene & Co.*, 290 S.C. 171, 188, 348 S.E. (2d) 617, 626 (Ct. App. 1986) (Bell, J., citing the Latin maxims for the proposition that: "The reason for a rule must control the application of the rule.").