23984

Joseph MENDELSOHN, Respondent v. Anthony WHITFIELD, Petitioner.

(439 S.E. (2d) 845)

Supreme Court

*Joseph B. Bergen* and *Frederick S. Bergen*, Savannah, GA, and *William B. Harvey, III,* Beaufort, *for petitioner.*

*Robert H. Hood,* Charleston, *for respondent.*

Submitted Dec. 28, 1993.

Decided Jan. 10, 1994.

*Per Curiam:*

Petitioner asks this Court for a writ of certiorari to review the Court of Appeals' decision in *Mendelsohn v. Whitfield,* — S.C. —, 430 S.E. (2d) 524 (Ct. App. 1993). We grant the petition to review petitioner's Question 2, dispense with further briefing, and affirm as modified. We deny the petition for certiorari as to the remaining questions.

In its opinion, the Court of Appeals, relying on *Reliance Varnish Co. v. Mullins Lumber Co.,* 213 S.C. 84, 48 S.E. (2d)

653 (1948), stated that when a defendant counterclaims he is only entitled to open and close on the issues raised by the counterclaims, not on the whole case. That statement is incorrect.

Under Rule 43(j), SCRCP, a defendant is given the privilege of opening and closing jury arguments *only* where he admits the plaintiff's claim in his pleadings, *and* takes upon himself the burden of proof. Indeed, in *Reliance*, this Court stated that the defendant was not entitled to open and close because the defendant did not admit the plaintiff's cause of action and rely solely on its affirmative defenses. However, we went on to state: "It should be added that [the defendant] was allowed the right to open and close in argument to the jury on the issues raised by the counterclaim." The Court was simply pointing out that the defendant was allowed that privilege. It is not required under Rule 43(j), SCRCP.

Furthermore, to adopt the holding of the Court of Appeals would lead to an unworkable situation. Two sets of opening and closing arguments would be needed in every case in which there are counterclaims.

In order to avoid that situation, Rule 43(j) sets out clear and unambiguous requirements that a defendant must meet in order to open and close jury arguments. In this case, petitioner did not admit the allegations in respondent's complaint; therefore, under Rule 43(j), SCRCP, he was not entitled to open and close on any of the issues at trial whether they were raised by him or by respondent.

Affirmed as modified.