2374

Edward C. and Shirley VALENTINE, Appellants v. James DAVIS, Paul Davis Systems of Columbia, Inc., and Paul Davis Systems, Inc., Respondents.

(460 S.E. (2d) 218)

Court of Appeals

---

*William Gary White, III,* Columbia, *for appellants.*

*James A. Merritt, Jr.* and *Deborah R.J. Shupe,* of *Berry, Adams, Quackenbush & Dunbar,* Columbia, *for respondents.*

Heard June 6, 1995.

Decided July 17, 1995.

*Per Curiam:*

This is an appeal from an order denying a motion to add Edward C. and Shirley Valentine as plaintiffs to a pending action against James Davis, Paul Davis Systems of Columbia, Inc., and Paul Davis Systems, Inc. (collectively the Davis group). The court held the motion did not meet the criteria of either Rules 15, 20, or 21 of the South Carolina Rules of Civil Procedure. The Valentines appeal. We affirm.

### Chronology of Proceedings

In March of 1992, the Valentines filed an action in federal court against the Davis group alleging causes of action for violation of the Racketeer Influence and Corrupt Organizations Act, breach of contract, and conspiracy. The allegations arose from an agreement by the Davis group to perform repairs to

the Valentines' home. The Valentines moved in the federal court to add Thomas E. Slother, Shelly Williams, and Larry Williams as plaintiffs to the action. The allegations by the Williams against the Davis group also concerned repairs to their home. Slother's claim was the Davis group owed him money for services rendered. The federal court denied the Valentines' motion to add the other parties in March of 1993.

On April 1, 1993, the Valentines, Slother, and the Williams filed an action in state court against the Davis group. With the exception of the RICO claim, the allegations of th state complaint and the federal complaint were similar. The Davis group filed a motion to dismiss the Valentines as plaintiffs under Rule 12(b)(8), SCRCP, on the ground an action was pending in federal court by the Valentines against the Davis group. The court granted the motion to dismiss on September 20, 1993. Meanwhile, in November of 1993, the federal court granted the Davis group's motion for summary judgment on the RICO cause of action. The federal court declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed the action.

On December 2, 1993, Slother and the Williams filed a motion to amend the state court complaint to reinstate the Valentines to the action. The Davis group opposed the motion. The court denied the motion finding no basis under the South Carolina Rules of Civil Procedure to join the Valentines as plaintiffs. The Valentines filed this appeal.

### Discussion

First, we find the Valentines lack standing in this court. The caption of the motion at issue on appeal added the Valentines as plaintiffs before the court allowed the addition. The motion then stated the "plaintiffs" move the court "pursuant to Rules 15, 20 and 21 of the *South Carolina Rules of Civil Procedure* to be allowed to amend their complaint to reinstate the Plaintiffs Valentine" to the action. The Valentines argue, therefore, that the motion is actually made by them. We find this argument to be without merit. The Valentines did not file a motion to intervene. Rules 15, 20 and 21 are applicable only to existing parties. The Valentines cannot become parties by presumptuously adding their names to the caption and calling themselves plaintiffs.

Therefore, the only proper parties to appeal the denial of this motion would be the existing plaintiffs, not the Valentines. The Valentines essentially have appealed the denial of another party's motion.

Although we would ordinarily dismiss this appeal for the foregoing reason, we are precluded from doing so in this action. The South Carolina Supreme Court previously denied a motion by the Davis group to dismiss the appeal based on the Valentines' lack of standing. Even though the Supreme Court may have denied the Davis group motion summarily, we cannot now dispose of the appeal on the standing issue. *See Balloon Plantation, Inc. v. Head Balloons, Inc.,* 303 S.C. 152, 399 S.E. (2d) 439 (Ct. App. 1990) (Court of Appeals does not have authority to dismiss an appeal in a case on the same ground the Supreme Court has previously denied a motion to dismiss, even if the motion to dismiss was summarily denied). We therefore address the merits of the Valentines' appeal.

Rule 15, SCRCP, does not allow an existing plaintiff to add a new plaintiff to the case to assert a claim against the defendant. Rule 15(a) only permits an existing plaintiff to add, modify, delete, or change claims against an existing defendant. Rule 15(b) addresses amendments to conform to the evidence presented at trial. Rule 15(c) deals with relation back of amendments. None of these subsections addresses a motion to add a plaintiff as contemplated in this case.

Neither did the Valentines meet the criteria of Rule 20(a), SCRCP. Under this rule, "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." The proposed amended complaint shows the allegations asserted by the Valentines, Slother, and the Williams do not arise out of the same transaction or series of transactions or occurrences. In fact, the only connection between the claims is that the Valentines, Slother, and the Williams are represented by the same attorney and they all assert different personal claims against the Davis group.

Finally, Rule 21, SCRCP, was inapplicable. Rule 21 deals with situations where the absence of a necessary party or the misjoinder of parties in the action would warrant the dismissal of the suit. *Mendelsohn v. Whitfield,* — S.C. —, 430 S.E. (2d) 524 (Ct. App. 1993), *modified,* — S.C. —, 439 S.E. (2d) 845 (1994). The Valentines are not necessary parties to the suit. Slother and the Williams can be afforded complete relief on their claims without the presence of the Valentines.

The Valentines would have this court circumvent the rules governing the practice of law in the name of equity and fairness. However, the rules of procedure, like statutes, should be given their plain meaning. *Whitehead v. State,* 310 S.C. 532, 426 S.E. (2d) 315 (1992). We are unwilling to torture the rules in such a way to correct possible mistakes in the filing of motions or misjudgments in strategic procedural decisions. To do so would jeopardize the continuity and uniformity that is essential to the orderly administration of the legal system.

The decision of the circuit court is

Affirmed.

HOWELL, C.J., and GOOLSBY and HEARN, JJ., concur.