THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Helen P.
 Johnson, Respondent,
 v.
 Mamie Jackson, Appellant.
 
 
 

Appeal from Richland County
 Joseph M. Strickland, Master-In-Equity
Unpublished Opinion No.  2008-UP-502
Submitted September 2, 2008  Filed
 September 5, 2008
AFFIRMED

 
 
 
 Mamie Jackson, of Columbia, pro se, for Appellant.
 Leo Dryer, of Columbia, for Respondent.
 
 
 

PER CURIAM: 
 Helen Johnson brought suit
 against Mamie Jackson for Jacksons breach of a land purchase agreement.   The
 circuit court found Jackson in default, and referred the matter to the
 master-in-equity.  Jackson now contends the master did not have jurisdiction
 because the order of reference was based on an erroneous grant of default.  We
 affirm pursuant to Rule 220(b), SCACR, and the following authority: Winesett v. Winesett, 287 S.C. 332, 334, 338 S.E.2d 340, 341 (1985) ([A] default judgment
 may not be appealed to [the supreme court].  The proper procedure for
 challenging a default judgment is to move the trial court to set aside the
 judgment pursuant to Rule 60(b), SCRCP.); Wilder Corp. v. Wilke, 330
 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised
 for the first time on appeal, but must have been raised to and ruled upon
 by the trial judge to be preserved for appellate review.).
AFFIRMED.[1]
HEARN, C.J., and HUFF, and GEATHERS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.