UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4465

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

THOMAS JAMES MERCHANT, JR.,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:16-cr-00013-BO-1)

Argued:  March 22, 2018                                          Decided:  April 27, 2018

Before MOTZ, DUNCAN and HARRIS, Circuit Judges.

Affirmed by unpublished opinion.  Judge Duncan wrote the opinion, in which Judge Motz and Judge Harris joined.

**ARGUED:**   Stephen Clayton Gordon, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:**  Louis C. Allen, Acting Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for

Appellee.

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

Appellant Thomas Merchant pleaded guilty in federal court to possession of a firearm by a convicted felon. The district court increased Merchant's sentence because it determined that Merchant had a prior North Carolina conviction for assault with a deadly weapon on a government official ("AWDWOGO"), which qualified as a "crime of violence" under §2K2.1(a)(2) of the 2015 U.S. Sentencing Guidelines Manual (the "Guidelines").[1] Merchant appeals the district court's determination that North Carolina AWDWOGO is a crime of violence. For the reasons that follow, we affirm the district court.

## I.

In 2008, Merchant attempted to hit several Rocky Mount, North Carolina, police officers with a motor vehicle. A North Carolina superior court convicted him of violating N.C. Gen. Stat. § 14-34.2, which criminalizes "assault[s] with a firearm or any other deadly weapon upon an officer or employee of [North Carolina]." This offense, frequently referred to as AWDWOGO, is a class F felony, punishable by a prison sentence exceeding one year. *See id.*; *see also* N.C. Gen. Stat. § 15A-1340.17(c). The

---

[1] The Guidelines provide that "[t]he court shall use the Guidelines Manual in effect on the date that the defendant [was] sentenced." U.S. Sentencing Guidelines Manual § 1B1.11(a) (U.S. Sentencing Comm'n 2015). Merchant was sentenced on July 19, 2016, while the 2015 Guidelines were still in effect. Accordingly, we apply the 2015 Guidelines to this case.

superior court sentenced Merchant to a prison term ranging from twenty-one to twenty-six months.

In 2015, after Merchant was discharged from prison, a police officer discovered a shotgun and shotgun ammunition in his car. A federal grand jury in the Eastern District of North Carolina charged Merchant with violating 18 U.S.C. § 922(g)(1), which prohibits convicted felons from possessing firearms or ammunition. Merchant pleaded guilty.

## II.

Following Merchant's guilty plea, the U.S. Probation Office submitted a presentence investigation report (the "PSR") to the district court. In relevant part, the PSR recommended that the district court apply a base offense level of twenty to calculate Merchant's sentence. The PSR explained that, under § 2K2.1(a)(4)(A) of the Guidelines, a base offense level of twenty applies to any defendant who was previously convicted of a "crime of violence." According to the PSR, Merchant's prior conviction for North Carolina AWDWOGO qualified him for this sentencing enhancement.

Merchant objected to the PSR's recommendation, arguing that § 2K2.1(a)(4)(A) did not apply to his sentence because North Carolina AWDWOGO was not a crime of violence. Therefore, he contended, the district court should apply a base offense level of fourteen, which would result in a lower sentence under the Guidelines. The district court

4

overruled Merchant's objection and adopted the PSR's recommendation. Merchant timely appealed.

## III.

On appeal, Merchant challenges the district court's determination that North Carolina AWDWOGO is a crime of violence under the Guidelines. Whether an offense qualifies as a crime of violence is a question of law that we review de novo. *United States v. Salmons*, 873 F.3d 446, 448 (4th Cir. 2017). For the reasons that follow, we affirm the district court.

The Guidelines define "crime of violence" as:

[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

    (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

    (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S. Sentencing Guidelines Manual § 4B1.2(a) (U.S. Sentencing Comm'n 2015).

The portion of § 4B1.2(a)(2) describing offenses that "otherwise involve[]conduct that presents a serious potential risk of physical injury" is colloquially referred to as the "residual clause." To qualify as a crime of violence under the residual clause, a prior

5

offense must satisfy a two-prong test. *Begay v. United States*, 553 U.S. 137, 143 (2008);[2]

*United States v. Martin*, 753 F.3d 485, 490 (4th Cir. 2014). First, the prior offense must

pose a similar risk of physical injury to the crimes enumerated in § 4B1.2(a). *Begay*, 553

U.S. at 143. Second, the prior offense must be similar in kind to the enumerated crimes.

*Id.*

Moreover, to determine whether a prior conviction satisfies the residual clause, we

apply the "categorical approach." *See United States v. Thompson*, 874 F.3d 412, 416 (4th

Cir. 2017); *see also Taylor v. United States*, 495 U.S. 575, 600 (1990). This approach

requires us to consider "whether the *elements of the offense* are of the type that would

justify its inclusion within the residual provision, without inquiring into the specific

conduct of [the] particular offender." *James v. United States*, 550 U.S. 192, 202 (2007).

This does not mean that "every conceivable factual offense covered by a statute must

necessarily present a serious potential risk of injury before the offense can be deemed a

[crime of violence.]" *Id.* at 208. "Rather, the proper inquiry is whether the conduct

encompassed by the elements of the offense, *in the ordinary case*, presents a serious

potential risk of injury to another." *Id.* (emphasis added).

---

[2] Although *Begay* interpreted the term "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), it applies to this case because "[w]e rely on precedents addressing whether an offense is a crime of violence under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a violent felony under the [ACCA]." *United States v. Carthorne*, 726 F.3d 503, 511 n.6 (4th Cir. 2013) (internal quotation marks omitted) (quoting *United States v. King*, 673 F.3d 274, 279 n.3 (4th Cir. 2012)).

We conclude that North Carolina AWDWOGO is a crime of violence under the residual clause because it is punishable by a term of imprisonment exceeding one year and the conduct encompassed by the offense, in the ordinary case, satisfies both prongs of the *Begay* test. Below, we discuss each prong in turn.[3]

A.

First, North Carolina AWDWOGO poses a similar risk of physical injury as the offenses enumerated in § 4B1.2(a). A prior conviction satisfies the similar-risk requirement if "the prior crime, like the enumerated offenses, creates an immediate, serious, and foreseeable physical risk that arises concurrently with the commission of the crime itself." *United States v. White*, 571 F.3d 365, 370 (4th Cir. 2009) (internal quotation marks and alterations omitted) (quoting *United States v. Thornton*, 554 F.3d 443, 449 (4th Cir. 2009)).

North Carolina's criminal code defines AWDWOGO as "an assault with a firearm or any other deadly weapon upon an officer or employee of the State . . . in the

---

[3] Our analysis in this case will have a limited impact on future crime-of-violence cases because, as of August 1, 2016, the Guidelines do not include the residual clause. *See* Amendment to the Sentencing Guidelines (U.S. Sentencing Comm'n Jan. 21, 2016). We are compelled to apply the residual clause to Merchant's case because he was sentenced before that clause was removed from the Guidelines. *See* U.S. Sentencing Guidelines Manual § 1B1.11(a) (U.S. Sentencing Comm'n 2015) ("[T]he court shall use the Guidelines Manual in effect on the date that the defendant [was] sentenced."). But we express no opinion on whether North Carolina AWDWOGO qualifies as a crime of violence under the new definition.

7

performance of his duties." N.C. Gen. Stat. § 14-34.2. A "deadly weapon" is any "instrument which is likely to produce death or great bodily harm under the circumstances of its use." *State v. Joyner*, 243 S.E.2d 367, 373 (N.C. 1978); *see also State v. Jones*, 538 S.E.2d 917, 922 (N.C. 2000). In other words, to commit North Carolina AWDWOGO, a defendant must use an object in a manner that is likely to kill or seriously injure a government official. This conduct clearly involves an "immediate, serious and foreseeable" risk of physical injury to another. *See White*, 571 F.3d at 370.

For these reasons, we hold that North Carolina AWDWOGO poses a similar risk of physical injury as the enumerated offenses.

B.

North Carolina AWDWOGO is also similar in kind to the enumerated offenses. To satisfy the similar-in-kind requirement, an offense must be "purposeful, violent, and aggressive." *Begay*, 553 U.S. at 145; *see also United States v. Peterson*, 629 F.3d 432, 439 (4th Cir. 2011) ("Just as the Supreme Court concluded . . . that a predicate crime typically must involve purposeful, violent, and aggressive content [to qualify as a violent felony under the ACCA], we [conclude] . . . that a qualifying predicate offense under § 4B1.2(a) must also be purposeful, violent, and aggressive."). In this case, the only disputed issue is whether North Carolina AWDWOGO involves purposeful conduct. We conclude that it does.

8

An offense is purposeful if it involves the knowing or intentional--as opposed to negligent or reckless--creation of a serious risk of physical injury. *See Thompson*, 874 F.3d at 416. A defendant knowingly creates a risk of injury if he is aware that his conduct is "practically certain" to cause such a risk. *See* Model Penal Code § 2.02(2)(b). A defendant intentionally creates a risk of injury if "it is his conscious object . . . to cause such a result." *See id.* at § 2.02(2)(a).

In many cases, a statute criminalizing an offense will expressly state the mens rea with which a defendant must act.[4] "But where a statute has no stated mens rea requirement, a court must look to how the statute is *ordinarily* applied and what the mens rea is in those cases." *Thompson*, 874 F.3d at 416 (emphasis added). In other words, the court must "imagine the kind of conduct *typically* involved in [the] crime." *Johnson v. United States*, 135 S. Ct. 2551, 2559 (2015) (emphasis added). In this case, we must look to the ordinary or typical case for guidance because N.C. Gen. Stat. § 14-34.2 does not state the mens rea with which a defendant must act to commit AWDWOGO.

The typical North Carolina AWDWOGO conviction involves a defendant who knowingly or intentionally creates a serious risk of physical injury to a government official. The government's brief provides a survey of North Carolina cases, most of which involve knowing or intentional conduct. For example, in *State v. Maness*, 677

---

[4] "Mens rea" is the "state of mind . . . that a defendant had when committing a crime." *Mens rea*, Black's Law Dictionary (10th ed. 2014).

9

S.E.2d 796 (N.C. 2009), the defendant was charged with AWDWOGO because he fired a handgun at several police officers. *Id.* at 801. Similarly, in *State v. Tinney*, 748 S.E.2d 730 (N.C. Ct. App. 2013), the defendant stabbed a school resource officer in the back three times. *Id.* at 731–32. Another case cited by the government involved a defendant who dragged a police officer alongside his car. *State v. Brewington*, 612 S.E.2d 648, 652 (N.C. Ct. App. 2005). The officer's arm had gotten stuck in the defendant's vehicle when he reached inside to pull the keys from the ignition. *Id.* Although the officer repeatedly ordered the defendant to stop, the defendant continued to accelerate his car. *Id.*

Merchant concedes that "in most [North Carolina AWDWOGO cases] . . . there was actual intent." Oral Argument at 5:30–5:45. He contends, however, that the offense is not purposeful because a defendant may be convicted of North Carolina AWDWOGO on the basis of culpably negligent (otherwise known as criminally negligent) conduct. *See State v. Spellman*, 605 S.E.2d 696, 703 (N.C. Ct. App. 2004); *see also State v. Padgett*, No. COA10-1045, 2011 N.C. App. LEXIS 1388, at *8–10 (N.C. Ct. App. July 5, 2011). This argument is unavailing.

As we have stated, the similar-in-kind analysis in this case does not turn on whether *it is possible* for a defendant to commit North Carolina AWDWOGO negligently. *See James*, 550 U.S. at 208; *see also Thompson*, 874 F.3d at 416. The inquiry focuses instead on whether the ordinary or typical case involves purposeful conduct. *Id.* The government's survey reveals that the typical AWDWOGO conviction involves knowing or intentional conduct and Merchant does not dispute this conclusion.

10

For these reasons, we are compelled to hold that North Carolina AWDWOGO is similar in kind to the offenses enumerated in § 4B1.2(a).

## IV.

In sum, we hold that North Carolina AWDWOGO is a crime of violence under § 4B1.2(a)'s residual clause. The judgment of the district court is thus

*AFFIRMED*.

11