**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Amy Potts, Respondent,

v.

McCarty Enterprises, LLC; John Miles McCarty; Audrey S. McCarty, a/k/a Audrey J. McCarty; and Jane Doe; Appellants.

Appellate Case No. 2017-000198

———

Appeal From Saluda County
Jocelyn Newman, Circuit Court Judge

———

Unpublished Opinion No. 2019-UP-061
Submitted January 1, 2019 – Filed February 6, 2019

———

**APPEAL DISMISSED**

———

Candy M. Kern-Fuller, of Upstate Law Group, LLC, of Easley, for Appellants.

Michael Evan Lacke, of Lacke Law Firm, LLC, of Charleston; and Frank S. Potts, of Leesville, both for Respondent.

———

**PER CURIAM:** McCarty Enterprises, LLC; John McCarty; Audrey McCarty; and Jane Doe (collectively, McCarty) appeal the circuit court's order granting Amy

Potts's motions for entry of default and to strike McCarty's answer and amended motion to dismiss.[1]  On appeal, McCarty argues the circuit court erred by (1) denying McCarty's amended motion to dismiss, (2) granting Potts's motion to strike McCarty's answer and amended motion to dismiss, and (3) granting Potts's motion for entry of default.  We dismiss pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to McCarty's argument the circuit court erred by denying its motion to dismiss: *McLendon v. S.C. Dep't of Highways & Pub. Transp.*, 313 S.C. 525, 526, 443 S.E.2d 539, 540 (1994) ("The denial of . . . a motion [to dismiss] is not immediately appealable under [section 14-3-330 of the South Carolina Code (2017)]."); *id*. at 526 n.2, 443 S.E.2d at 540 n.2 (noting "the denial of a motion to dismiss does not establish the law of the case and the issue raised by the motion can be raised again at a later stage of the proceedings").

2. As to McCarty's argument the circuit court erred by granting Potts's motion to strike McCarty's answer: § 14-3-330(2)(c) ("[This c]ourt shall . . . review upon appeal . . . [a]n order affecting a substantial right made in an action when such order . . . strikes out an answer or any part thereof or any pleading in any action . . . ."); *QZO, Inc. v. Moyer*, 358 S.C. 246, 256, 594 S.E.2d 541, 547 (Ct. App. 2004) ("When a party fails to obey an order relating to discovery, the trial court may strike that party's pleadings and enter a default judgment."); *Thornton v. S.C. Elec. & Gas Corp.*, 391 S.C. 297, 302, 705 S.E.2d 475, 478 (Ct. App. 2011) ("[T]he use of the word 'strike' in both Rule 12(f)[, SCRCP] and section 14-3-330(2)(c) does not mean that an order granting a Rule 12(f) motion is automatically immediately appealable."); *id*. at 303, 705 S.E.2d at 478 ("We believe a narrow construction of section 14-3-330(2)(c) requires us to focus on the effect of the order, not the label given to the motion or to the order granting it."); *id*. at 304, 405 S.E.2d at 479 ("[A]n appellate court should look to the effect of an interlocutory order to determine its appealability under section 14-3-330(2)(c)."); *id*. ("An order affects a substantial right by striking a pleading if the order removes a material issue from the case, thereby preventing the issue from being litigated on

[1] Initially, we note that although the circuit court's written Form 4 order granted Potts's motion to strike McCarty's motion to dismiss, it orally denied McCarty's motion to dismiss on its merits during the hearing.  Notwithstanding the language of the circuit court's Form 4 order, we will address the motion to dismiss as being denied by the circuit court, rather than stricken, because the circuit court decided the motion based on its merits.

the merits, and preventing the party from seeking to correct any errors in the order during or after trial."); *id.* ("Whether an order granting a Rule 12(f) motion to strike is appealable under section 14-3-330(2)(c) depends on the effect of the individual order under the facts and circumstances of the case."); *Jefferson ex rel. Johnson v. Gene's Used Cars, Inc.*, 295 S.C. 317, 368 S.E.2d 456 (1988) (holding an order denying a motion to file a late answer was not immediately appealable because the circuit court did not strike a pleading on its merits but refused to allow the answer's filing); *Baldwin Constr. Co. v. Graham*, 357 S.C. 227, 593 S.E.2d 146 (2004) (holding an order denying a motion to file an amended answer was not immediately appealable because the court did not strike a pleading on its merits but refused to allow its filing).

3. As to McCarty's argument the circuit court erred by granting Potts's motion for entry of default: Rule 201(a), SCACR ("Appeal may be taken . . . from any final judgment, appealable order or decision."); *Hagood v. Sommerville*, 362 S.C. 191, 194, 607 S.E.2d 707, 708 (2005) ("An appeal ordinarily may be pursued only after a party has obtained a final judgment."); *Ex parte Wilson*, 367 S.C. 7, 12, 625 S.E.2d 205, 208 (2005) ("As a general rule, only final judgments are appealable. Any judgment or decree, leaving some further act to be done by the [circuit] court before the rights of the parties are determined, is interlocutory and not final." (citation omitted)); *Winesett v. Winesett*, 287 S.C. 332, 334, 338 S.E.2d 340, 341 (1985) ("[A] default judgment may not be appealed to this [c]ourt. The proper procedure for challenging a default judgment is to move the [circuit] court to set aside the judgment pursuant to Rule 60(b), SCRCP.").

**APPEAL DISMISSED.**[2]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.