**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Anthony Williams, Respondent,

v.

Castine Elaine Williams, Appellant.

Appellate Case No. 2020-000547

---

Appeal From Orangeburg County
Randall E. McGee, Family Court Judge

---

Unpublished Opinion No. 2023-UP-197
Submitted April 3, 2023 – Filed May 24, 2023

---

**REVERSED AND REMANDED**

---

Michael Vincent Laubshire, of Columbia, for Appellant.

Clarissa Warren Joyner, of The Law Firm of Clarissa Warren Joyner, of Orangeburg, for Respondent.

---

**PER CURIAM:** Castine Williams (Wife) appeals a divorce decree requiring her to pay rehabilitative alimony to Anthony Williams (Husband) as well as thirty-five thousand dollars for half of Husband's student loan. Wife presents several arguments for reversal. We need not deal with all of them, for Wife is correct that the denials of her post-judgment motions for relief under Rules 59 and 60, SCRCP were affected by errors of law.

Husband filed a summons and complaint in August 2019.  He sought a divorce on the ground of adultery or, in the alternative, a divorce on the ground of one-year continuous separation.  He further sought equitable distribution of marital property and equitable apportionment of marital debt.

Husband served Wife with the summons and complaint the same day he filed these documents with the court in August 2017.  Service was perfected by leaving a copy of the suit papers with Wife's adult daughter at Wife's home.  The parties do not dispute that service was valid.

Husband filed an affidavit of default in September 2019, following Wife's failure to file an answer within the thirty (30) day period per Rule 17, SCRFC.  About two weeks after filing his affidavit of default, Husband sent Wife notice of a final hearing.  Wife did not receive this notice, though there is no dispute it was served by its placement in the mail.

Wife's explanation for her non-participation in the early parts of this case was that she was in the Bahamas assisting her parents from the end of August 2019 to the end of October 2019.  Hurricane Dorian hit the Bahamas shortly after her arrival there. Though there is no doubt Wife was served with process several days before she arrived in the Bahamas, Wife claims she was in Boston and on the way to the Bahamas when Husband served Wife by serving her daughter. Hurricane Dorian severely damaged the Bahamas.  Wife claims she was stranded there until returning, as noted above, at the end of October 2019.

By that time, the final hearing had already occurred.  The divorce decree was filed in early December 2019.  That was roughly a month after Wife arrived back from the Bahamas.  Husband served Wife with the divorce decree by mail a few days later, but Wife claims her first written notice of the divorce decree occurred when she was served with the order by a process server at the end of December.  Within ten days, Wife filed for motions for relief under Rules 59 and 60.

The order denying Wife's Rule 59 motion found the motion was not timely because Wife had been served with the divorce decree by mail in early December.  Wife correctly argues this was error.  Rule 59(e) specifies that a motion is timely as long as it is served within 10 days of the complaining party's "receipt of written notice of the entry of the order."  The date the divorce decree was mailed to Wife does not control.

On Rule 60, the order cited two cases for the proposition that Rule 60(b)(5)—allowing relief when a judgment has been satisfied, vacated, or enforcement is no longer equitable—does not give the family court the ability to modify an equitable distribution award. We do not dispute that point of law, but this divorce decree did not contain an equitable distribution award,[1] and other cases recognize that a party seeking relief from a default judgment must do so under Rule 60. *Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 608, 681 S.E.2d 885, 888 (2009); *see also Sanders v. Smith*, 431 S.C. 605, 611, 848 S.E.2d 604, 607 (Ct. App. 2020) (acknowledging family court's power to consider this common usage of Rule 60); *Winesett v. Winesett*, 287 S.C. 332, 334, 338 S.E.2d 340, 341 (1985) (same).

Reversal is mandated by the reasoning given above. Still, we mention the order cited this Court's opinion in *Roesler v. Roesler*, 396 S.C. 100, 719 S.E.2d 275 (Ct. App. 2011), in rejecting Wife's argument that it could not conduct a final hearing because there had not been a mediation. There, a party received an exemption from mandatory mediation from the chief administrative judge. *Id*. at 111-12, 719 S.E.2d at 281. "Good cause" for the exemption in that case included the fact that the wife was in default and that her whereabouts were unknown. *Id*. Here, there was no motion to the chief administrative judge seeking an exemption from mediation, and Wife appears to claim Husband knew that she was stranded in the Bahamas. We make no expression on the merits of any factual dispute between the parties, including whether Husband knew of Wife's location. The point is that *Roesler* is meaningfully distinguishable on at least one front (the exemption from the chief administrative judge) and maybe two (knowledge of the absent party's whereabouts).

For these reasons, we reverse the order denying Wife's motions for relief under Rules 59 and 60. The case is remanded for the motions to be evaluated under the appropriate standard.

**REVERSED AND REMANDED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] Husband's complaint included a claim for equitable distribution, but the divorce decree specified he "made no property claims."

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.