**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charleston CW, LLC, Appellant,

v.

Charleston Animal Society, Ellen Harley, and Charleston Carriage Horse Advocates, Inc., Respondents.

Appellate Case No. 2022-001114

———

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

———

Opinion No. 2025-UP-153
Heard February 11, 2025 – Filed April 30, 2025

———

**AFFIRMED**

———

Thomas R. Goldstein, of Belk Cobb Infinger & Goldstein, PA, of N. Charleston for Appellant.

Joseph DuRant Thompson, III, and Kathleen Spencer Craig Gill, both of Hall Booth Smith, PC, of Mount Pleasant; Jenkins McMillan Mann and Shaun C. Blake, both of Mann Blake & Jackson of Columbia; and Kevin Desmond Maroney, of Collins & Lacy, PC, of Columbia; all for Charleston Carriage Horse Advocates, Inc. and Ellen Harley; and Elizabeth Janelle Palmer, of Saxton &

Stump, LLC, of Charleston, for Charleston Animal Society.

---

**PER CURIAM:** This case arises against the backdrop of controversy around the carriage horse industry in Charleston. Charleston Carriage Works, LLC (CCW) filed suit against Charleston Animal Society (CAS) and Charleston Carriage Horse Advocates (CCHA) and its president, Ellen Harley (Harley), alleging the publication of a video of one of its horses falling to the ground during a carriage tour in 2017, along with other statements on their web pages, gave rise to claims for defamation, civil conspiracy, intentional interference with business relations, and civil rights violations. CCW claims the master-in-equity erred in granting summary judgment in favor of the defendants as to all claims and in rendering other decisions on discovery, amendment of the pleadings, and amendment of the scheduling order. We affirm.

1. As to the master's denial of CCW's motion for discovery sanctions against CCHA and Harley and the master's determination that summary judgment was not premature: *Jamison v. Ford Motor Co.*, 373 S.C. 248, 270, 644 S.E.2d 755, 766 (Ct. App. 2007) ("The imposition of sanctions is generally entrusted to the sound discretion of the trial court."); *id.* ("The [trial] court's decision regarding the imposition of discovery sanctions will not be reversed absent an abuse of discretion."); *Richardson on Behalf of 15th Cir. Drug Enf't Unit v. Twenty-One Thousand & no/100 Dollars ($21,000.00) U.S. Currency & Various Jewelry,* 430 S.C. 594, 599, 846 S.E.2d 14, 16 (Ct. App. 2020) (explaining Rule 37(d), SCRCP allows for direct sanctions if a party completely fails to respond to written interrogatories, requests for production, or to attend a scheduled deposition); Rule 37(b)(2), SCRCP (noting a party may seek discovery sanctions if opposing party *fails to obey an order* to provide or permit discovery).

2. As to the master's grant of summary judgment in favor of CAS, CCHA, and Harley on CCW's defamation claim, we conclude the master's ruling that statements other than those made in the relevant video were not "of and concerning" CCW was correct: *Burns v. Gardner*, 328 S.C. 608, 615, 493 S.E.2d 356, 359 (Ct. App. 1997) ("To prevail in a defamation action, the plaintiff must establish that the defendant's statement referred to some ascertainable person and that the plaintiff was the person to whom the statement referred."); *Stokes v. Oconee Cnty.*, 441 S.C. 566, 580, 895 S.E.2d 689, 697 (Ct. App. 2023) ("Where a publication affects a class of persons without any special personal application, no

individual of that class can sustain an action for the publication." (quoting *Hosp. Care Corp. v. Commercial Cas. Ins. Co.*, 194 S.C. 370, 377, 9 S.E.2d 796, 800 (1940))); *id*. ("Where defamatory statements are made against an aggregate body of persons, an individual member not specially imputed or designated cannot maintain an action." (quoting *Hosp. Care Corp.*, 194 S.C. at 377, 9 S.E.2d at 800); *Hosp. Care Corp.*, 194 S.C. at 377, 9 S.E.2d at 800 ("Where defamatory words reflect upon a class of persons impartially, and there is nothing to show which one is meant, no action lies at the suit of a member of the class." (citation omitted)).

3.  As to any remaining allegations of defamation, we conclude the master properly concluded CCW was a limited purpose public figure and failed to raise a genuine issue of material fact regarding actual malice:  *Cruce v. Berkeley Cnty. Sch. Dist.*, 442 S.C. 1, 14, 896 S.E.2d 765, 772 (2024)  ("We believe a better test for determining whether one is a limited public figure considers three things: (1) whether the plaintiff voluntarily injected herself into and played a prominent role in a public controversy, defined as a controversy whose resolution affects a substantial segment of the public; (2) whether the defamation occurred after the plaintiff voluntarily entered the controversy but while still embroiled in it; and (3) whether the defamation was related to the controversy." (citations omitted)); *Erickson v. Jones Street Pub., LLC*, 368 S.C. 444, 474, 629 S.E.2d 653, 669 (2006) ("Appellant did not voluntarily assume a role of special prominence in the controversy over reforming the guardian system, and she did not seek to influence the outcome of that controversy.  In fact, the record shows Appellant tried to avoid the spotlight and the controversy."); *Stokes*, 441 S.C. at 577-78, 895 S.E.2d at 695 (Ct. App. 2023) ("When the element of constitutional actual malice is required to show fault, as in cases involving a plaintiff who is a public official, 'the appropriate standard at the summary judgment phase on [that] issue . . . is the clear and convincing standard.'" (quoting *George v. Fabri,* 345 S.C. 440, 454, 548 S.E.2d 868, 875 (2001) (alterations in original))); *McClain v. Arnold*, 275 S.C. 282, 284, 270 S.E.2d 124, 125 (1980)  ("Unless the [circuit] court finds, based on pretrial affidavits, depositions[,] or other documentary evidence, that the plaintiff can prove actual malice, it should grant summary judgment for the defendant."); *Elder v. Gaffney Ledger,* 341 S.C. 108, 113, 533 S.E.2d 899, 901-02 (2000) ("Whether the evidence is sufficient to support a finding of actual malice is a question of law."); *id.* at 113-14, 533 S.E.2d at 902  ("When reviewing an actual malice determination, [the appellate court] is obligated to independently examine the entire record to determine whether the evidence sufficiently supports a finding of actual malice.");  *id*. at 114, 533 S.E.2d at 902 ("There must be sufficient evidence to permit the conclusion that the defendant *in fact entertained serious doubts as to the truth* of his publication." (quoting *St. Amant v. Thompson*, 390 U.S. 727, 731

(1968) (emphasis in original)); *id.* ("There must be evidence the defendant had a '*high degree of awareness of . . . probable falsity*.'" (alteration and emphasis in original) (quoting *Garrison v. Louisiana,* 379 U.S. 64, 74 (1964))).

4.  As to the master's grant of summary judgment in favor of CAS, CCHA, and Harley on CCW's claim for civil conspiracy, we conclude the master correctly found CCW failed to offer evidence of an agreement between the defendants to jointly spread false allegations and misinformation as alleged in the complaint. Furthermore, the record demonstrates CCW failed to allege conspiratorial conduct distinct from the conduct underpinning its claims for libel, tortious interference with business relations, and civil rights violations.  *See Paradis v. Charleston Cnty. Sch. Dist.,* 433 S.C. 562, 574, 861 S.E.2d 774, 780 (2021) ("[A] plaintiff asserting a civil conspiracy claim must establish (1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff."); *Snyder v. Phelps*, 562 U.S. 443, 460 (2011) (holding speech and conduct protected by the First Amendment could not serve as the basis for a claim for civil conspiracy); *Kuznik v. Bees Ferry Assocs.,* 342 S.C. 579, 611, 538 S.E.2d 15, 31 (Ct. App. 2000) ("Because [the third party plaintiff] . . . merely realleged the prior acts complained of in his other causes of action as a conspiracy action but failed to plead additional acts in furtherance of the conspiracy, he was not entitled to maintain his conspiracy cause of action.").

5.  As to the master's grant of summary judgment in favor of CAS, CCHA, and Harley on CCW's claimed civil rights violation, we find this issue is abandoned on appeal. *See Mulherin–Howell v. Cobb,* 362 S.C. 588, 600, 608 S.E.2d 587, 593-94 (Ct. App. 2005) (noting when an appellant fails to cite any supporting authority for his position and makes conclusory arguments, the appellant abandons the issue on appeal).

6.  As to the master's grant of summary judgment in favor of CAS, CCHA, and Harley on CCW's claims for intentional interference with business relations, we agree with the master's ruling based on CCW's failure to point to a contract with which the defendants interfered.  *See Sea Island Food Grp., LLC v. Yaschik Dev. Co., Inc.,* 433 S.C. 278, 286, 857 S.E.2d 902, 906 (Ct. App. 2021) ("The elements of a cause of action for tortious interference with contract are: (1) existence of a valid contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages." (quoting *Camp v. Springs Mortg. Corp.*, 310 S.C. 514, 517, 426 S.E.2d 304, 305 (1993))); *id*. ("An essential element to the cause of action for tortious

interference with contractual relations requires the intentional procurement of the contract's breach. Where there is no breach of the contract, there can be no recovery." (quoting *Eldeco, Inc. v. Charleston Cty. Sch. Dist.*, 372 S.C. 470, 481, 642 S.E.2d 726, 732 (2007))).

7.  As to the master's denial of CCW's motion to add additional defendants: *Berry v. McLeod*, 328 S.C. 435, 450, 492 S.E.2d 794, 802 (Ct. App. 1997) ("Courts have wide latitude in amending pleadings.  While this power should not be used indiscriminately or to prejudice or surprise another party, the decision to allow an amendment is within the sound discretion of the trial court and will rarely be disturbed on appeal." (citation omitted)); *Valentine v. Davis*, 319 S.C. 169, 172, 460 S.E.2d 218, 219 (Ct. App. 1995) ("Rule 15, SCRCP, does not allow an existing plaintiff to add a new plaintiff to the case to assert a claim against the defendant.  Rule 15(a) only permits an existing plaintiff to add, modify, delete, or change claims against an *existing* defendant." (emphasis added)): *Holland ex rel. Knox v. Morbark, Inc.*, 407 S.C. 227, 235-36, 754 S.E.2d 714, 719 (Ct. App. 2014) (affirming the denial of a proposed amendment after the conclusion of discovery and the case had been placed on the trial roster because it would cause significant delay and impose substantial additional discovery costs that would not have been necessary if the plaintiff had timely made the motion to amend).

8.  As to the master's denial of CCW's motion to add additional plaintiffs: *Berry v. McLeod*, 328 S.C. 435, 450, 492 S.E.2d 794, 802 (Ct. App. 1997) ("Courts have wide latitude in amending pleadings.  While this power should not be used indiscriminately or to prejudice or surprise another party, the decision to allow an amendment is within the sound discretion of the trial court and will rarely be disturbed on appeal." (citation omitted)); *Valentine v. Davis*, 319 S.C. 169, 172, 460 S.E.2d 218, 219 (Ct. App. 1995) ("Rule 15, SCRCP, does not allow an existing plaintiff to add a new plaintiff to the case to assert a claim against the defendant.  Rule 15(a) only permits an *existing plaintiff* to add, modify, delete, or change claims against an existing defendant." (emphasis added)).

9.  As to the master's denial of CCW's motion to amend the scheduling order: Rule 26(f)(7), SCRCP (explaining a scheduling "order may be altered or amended whenever justice so requires"); *Arthur v. Sexton Dental Clinic*, 368 S.C. 326, 335, 628 S.E.2d 894, 899 (Ct. App. 2006) (finding judge did not abuse discretion in setting scheduling order without a hearing or in declining to extend the time for discovery thereunder when moving party could not explain how "manifest injustice" was created).

**AFFIRMED.**

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**